Dean *vs.* Fail.

DEAN *VS.* FAIL.

1. **M**atter admissible under a plea of *liberum tenementum,* may be given in evidence under the general issue.

2. The object of a plea of *liberum tenementum,* is usually to compel plaintiff to assign the place in which he alleges the trespass to have been committed, with greater precision.

3. Where one rents land, for the purpose of making a crop, upon the condition that he is to give up possession in case the owner sells to a third person, before the crop is made ;—it is not competent for the tenant, in case a sale is made, to object, that the contract of sale is not evidenced by a deed conveying a perfect title.

[1. The lessee of one who has neither possession nor legal title, cannot justify a trespass committed upon a party, in possession of the premises.

2. To justify an entry on the possession of another, he who enters must have a *legal right of entry;* or should enter under the license or command of one having such *legal right.*

3. In trespass *quare clausum fregit,* evidence which makes out a case of justification, is only admissible under the general issue.                GOLDTHWAITE, J., *in dissenting.*]

Error to the Circuit court of Wilcox.

Trespass *quare clausum fregit,* tried by *Pickens,* J.

Plea, not guilty.    Verdict and judgment for defendant.

The plaintiff in error declared against the defendant, in the Circuit court of Wilcox, in trespass *quare clausum fregit,* and went to trial on an issue taken on the plea of "*not guilty.*"

On the trial, the presiding judge, at the request of the plaintiff, sealed a bill of exceptions; from which it ap-

peared to have been proved, that "Jonathan Kennedy owned the tract of land on which the trespasses mentioned in the declaration in said cause were committed; and that said Kennedy had rented said land in the spring, A. D. eighteen hundred and thirty-five, to said Dean, to make a crop, on condition, that if said Kennedy sold said land, said Dean should quit it; and that by virtue of said renting, said Dean had taken possession of said land, and worked there about five days, when he was dispossessed by said Fail. It was further proved, that said Kennedy had made a contract for the sale of said land, and had received a large portion of the consideration, some time in the spring of said year eighteen hundred and thirty-five, with one Rives, and had told said Rives to go and take possession of said land. But it was not proved that said Kennedy had ever demanded possession of said land from said Dean; and it was further proved, that before any deed of conveyance of said land had been signed between said Rives and said Kennedy, the said contract was rescinded, but that said Rives had rented said land to said Jeremiah Fail, before the recision of said contract of sale, and by virtue of said renting, said Fail had dispossessed said Dean of said land, and kept possession of it for the remainder of said year. In said cause, the judge that presided, instructed the jury, that if they believed said Fail had committed the supposed trespass in the declaration in said cause mentioned, and dispossessed said Dean of said tract of land, prior to the recission of said contract of sale, between said Rives and said Kennedy, they ought to find a verdict for said Fail." To all which, the plaintiff excepted, &c. and now

presented to this court, the questions of law arising upon the bill of exceptions for revision.

COLLIER, C. J.—It was not competent for the plaintiff to object, that the contract of sale by Kennedy to Rives, was not evidenced by deed, conveying a perfect title. The agreement between Kennedy and the plaintiff, was, that the latter should occupy the land, (on which the trespass is alleged to have been committed,) for the pur- pose of raising a crop thereon, with this condition, that if the former should sell, the plaintiff would relinquish the possession. The bill of exceptions does not inform us how far Kennedy and Rives had advanced towards a consummation of title under their contract, so that there may (for any thing appearing to the contrary) have been such written evidence of their contract, as would have authorised equity to enforce its completion, had either party objected.

But it is quite immaterial to the present inquiry, whe- ther the agreement for a sale was such as could have been coerced. Objections to its validity concerned the parties themselves, and it was not for a stranger to super- vise their contract, and shape his course according as he might adjudge it to be obligatory or not. The contract- ing parties might execute it, under a sense of honor, moral duty to each other, or mutual interest, and it would be as valid from that period, as if it had been per- fect in its inception. So far, then, as we are able to form an opinion from the proof in the record, the event on which the right of the plaintiff to occupy the land under his agreement with Kennedy was to cease, did actually

Dean *vs.* Fail.

happen, as soon as Kennedy sold to Rives, with a right to the immediate possession. Kennedy might have brought his action against the plaintiff, had he refused to quit, and, as a necessary consequence, may have authorised Rives to enter; and this right, thus acquired by Rives, would extend to legalise an entry by his agents and servants, in obedience to his directions. It will, therefore, follow, that if the defendant entered under the authority of Rives, upon the possession of the plaintiff, he committed no trespass : unless, the manner of his taking possession, or subsequent acts, make him a trespasser.

No objection seems to have been raised in the Circuit court, to the admission of the evidence, yet, as the question comes up on the instructions to the jury, it may, under the state of the pleadings, be well to consider it. The facts, when simplified, amount to proof of title in a third person, and the right to possession in the defendant himself.

There is no necessity for pleading *liberum tenementum* specially. The object of such a plea, usually, it is said, is to compel the plaintiff to assign the place in which he alleges the trespass to have been committed with greater precision—(Stevens vs. Whistler, 11 East, 51); and the defendant may give the matter admissible under such a plea, in evidence under the general issue—(Péake's N. P. 67; Willes' R. 222; Derisley vs. Neville, 1 Leon's R. 301; Garr vs. Fletcher, 2 Starkie's Cases, 71; Gilb. Ev. 258; Chambers vs. Donaldson, 11 East's R. 72.)

In Argent vs. Durrant, (8. T. R. 403,) the point came directly before the court, when Lord Kenyon, in pro-

Dean vs. Fail.

nouncing his opinion, observed, "It is now too late to discuss this question, which appears to have been settled in Lord Coke's time, in a case in 1 Leon, 301. In trespass, 'the defendant pleaded not guilty; and if he might give in evidence, that at the time of the trespass, the freehold was in such an one, and he, as his servant, and by his command, entered, was the question; and it was said by Coke, that the same might so be well enough; and so it was adjudged in Trevilian's-case; for, if he by whose command he entereth, hath right at the same instant that the defendant entered, the right is in the other, by reason whereof, he is not guilty as to the plaintiff; and judgment was given accordingly.' Conformably to this doctrine, I have always understood that it has been the practice, to permit the defendant to give *liberum tenementum*, in evidence under the general issue." (To the same effect, is Dodd vs. Kyffin, 7 T. R. 354; Van Buskirk vs. Irving, 7 Cowen's R. 35; and Tuthill vs. Clark, 11 Wend. R. 642.)

There seems to have been no controversy in the Circuit court in regard to the evidence: the facts disclosed in the bill of exceptions are said to have been *proved*. We understand, then, that the verdict of the jury was influenced by the instructions of the court, on the solitary legal question, whether Kennedy's sale gave a right of entry and possession, as against the plaintiff. On this point, our opinion is expressed already; and if Kennedy was entitled to enter, as against the plaintiff, either Rives or Fail might successfully defend themselves under his authority; from which, it follows, that the judgment must be affirmed.

GOLDTHWAITE, J.—I am unable to concur in the judgment of the court now pronounced.

If the defence attempted, can be permitted under the plea of the general issue, it is material to enquire, whether the evidence made out a case of justification. To justify an entry on the possession of another, one of two things must exist; he who enters, must have a legal *right of entry,* or should enter under the license or command of some one having such *legal right.* In the present case, it seems to me, that Fail, the defendant, had no *legal* right, nor did he enter by the command or license of Kennedy, who had. If we test the evidence by a special plea, it would be stated, that the defendant entered the close in question, having *legal title* to the same, or that Kennedy had such legal title, and the entry was made by his *license or command.*

The evidence certainly would not support a plea, framed under the supposition that a legal title was in him, for his lessor neither had the possession, nor the title to the land. If the plea contained the averment of a license or command from Kennedy to enter, the party would fail in his defence, because no such command or license is shewn from the evidence. The permission of Kennedy to Rives, was neither a command or license to Fail to take the possession. This will be evident, if we suppose some act done by Fail in taking possession, which, independent of the trespass on the land, would have constituted him a *tort feasor.* Would Kennedy have become liable to Dean, in consequence of the authority given to Fail? I think he could not be made liable under the evidence, as no authority can be implied from the circumstances of this case.

The Circuit court seems to have considered, (at least such is the inference I draw from its charge,) that a right of entry was conveyed to Rives, by the contract of sale, independent of any conveyance by which the title passed, and that this, was conveyed to Fail by the ease to him. Whether it is considered in this, or the other view which I have taken, there was, in my judgment, an error committed, as in neither event could Fail be justified under the circumstances disclosed.