### DeKALB COUNTY vs. SMITH.

[ACTION UNDER SECTION 6 OF ACT OF DECEMBER 28, 1868, TO SUPPRESS MURDER, LYNCHING, AND ASSAULTS AND BATTERIES, TO RECOVER DAMAGES FOR WOUNDS INFLICTED BY DISGUISED MEN.]

1. *Act of December* 28, 1868 ; *constitutionality of.*—The act to suppress murder, lynching, and assaults and batteries, approved December 28, 1868, is not unconstitutional.
2. *Same, damages given by ; need not be presented for allowance.*—The damages given by it against a county are not such claims as must be presented to the commissioners court before suit is brought.
3. *Witness, impeaching or sustaining of ; to what examination may extend.* In impeaching a witness, or sustaining him the examination is not confined to his general character for truth, but may extend to his general character.
4. *Same; what question may be asked of impeaching witness.*—In a suit against a county for damages for assault and battery, under the act of December 28, 1868, the plaintiff having given evidence of an assault and battery upon him by unknown and disguised persons, and the defendant having assailed his character for truth, it is not error to allow him, in support of his testimony, to prove by the impeaching witness, on cross-examination, that although he did not know of any enemies the plaintiff had in the neighborhood, he was *of the opinion, from rumor,* that he did have some.

APPEAL from Circuit Court of DeKalb.
Tried before Hon. W. J. HARALSON.

This was an action commenced on the 6th of December'
1869, by appellee against the county of DeKalb, under the
provisions of section 6 of "an act to suppress murder,
lynching, and assaults and batteries," approved December
28, 1868, to recover $1,000 damages for the beating and
wounding of the plaintiff, on the 22d of May, 1869, by one
or more persons, unknown and in disguise, to force plaintiff
to consent to leave the neighborhood, &c., &c.

The defendant demurred—1st, because the complaint
does not aver that the claim sued on was presented to the
commissioners court of DeKalb county, as required by
section 2537 of the Revised Code; 2d, because the com-
plaint discloses no valid cause of action, the statute under
which it is brought being unconstitutional. The demurrer
was overruled.

The defendant then pleaded, in short by consent—

" 1. The general issue.

2. That the claim sued on is barred by the statute of
limitations of twelve months, under section 909 of the Re-
vised Code, for non-presenation for allowance.

3. That the claim sued on was not presented to the com-
missioners court of the county of DeKalb, as required by
sections 909 and 2537 of the Revised Code.

4. That the plaintiff hath not sustained damage to the
value or amount claimed.

5. The beating and wounding of plaintiff complained of,
if done at all, was done by one in defense of a prior as-
sault made by the plaintiff upon the person of said ——.

6. The wounding complained of, if any was inflicted
upon plaintiff, was done by himself."

The plaintiff took issue upon the first plea, and demurred
to the other pleas upon the following grounds:

As to the second and third pleas, because there is no law
requiring the presentation of the claim sued on to the com-
missioners court.

As to the fourth plea, because the amount of the recovery is fixed by the statute authorizing the suit.

As to the fifth plea—1st, because it is void for duplicity; 2d, it denies and avoids, instead of confessing and avoiding; 3d, there is no justification in the matter alleged.

As to the sixth plea, because it is void for duplicity, and is a departure.

The court sustained the demurrer, and the cause proceeded to trial on issue joined on plea of the general issue.

The plaintiff, who was examined as a witness in his own behalf, testified that while plowing in his field on the 25th day of May, 1869, some twenty or thirty disguised persons came to plaintiff where he was plowing in his field, and fired upon him, one shot wounding plaintiff in the thigh, disabling him for several weeks. The physician called in to attend the wound, testified that plaintiff then stated in substance what plaintiff testified on the trial; that he (the physician) visited the ground shortly afterwards, and saw tracks of a considerable number of men; that he saw bullet marks on the trees, which came from the direction of the assailants and struck the tree behind which plaintiff stated he took refuge. This was the substance of the testimony offered by the plaintiff.

After this, one Lankford was called to the stand, and, as the bill of exceptions states, testified that " he knew plaintiff, and knew plaintiff's general character for truth and veracity in the neighborhood in which plaintiff lives; that his said character is bad; that from his knowledge of plaintiff's general character for truth' and veracity, he (witness) could not believe plaintiff upon his oath."

" Plaintiff then asked said witness if plaintiff did not have many enemies in his neighborhood; to which question defendant objected, the court overruled the objection and allowed witness to answer, and defendant excepted; witness answered that he did not know. Plaintiff then asked said witness if he did not know from rumor that plaintiff had many enemies in his neighborhood; to which defendant objected, the court overruled the objection, and de-

fendant excepted; witness testified that from rumor he was of the opinion that plaintiff had some enemies in the neighborhood; to which defendant objected, the court overruled the objection, and defendant excepted."

"Defendant examined one J. Cunningham as witness, who testified that he knew plaintiff; knew his general character for truth and veracity in plaintiff's neighborhood, and that his general character for truth and veracity was bad; and that from his knowledge of plaintiff's general character for truth and veracity, witness could not believe plaintiff upon his oath."

"On cross-examination of said Cunningham, plaintiff asked him if he had not heard persons in plaintiff's neighborhood say that plaintiff would be attacked. Defendant objected, the court overruled the objection, and witness answered he had not. Plaintiff then asked said witness if he had not heard a good many persons in plaintiff's neighborhood say they expected plaintiff would be attacked by violence; to which defendant objected, the court overruled the objection, and witness testified that he had heard some persons say they expected he would be attacked, and defendant objected and excepted. Plaintiff asked witness if he had not heard some persons say they did right in shooting plaintiff; to which defendant objected, the court overruled the objection, and witness testified that he had heard some say they approved of it; to which defendant objected and excepted. Plaintiff then asked witness if, in his opinion, a good many approved of it, and witness was permitted, against defendant's objection, to testify that in his opinion some approved of it, and defendant excepted."

"Plaintiff placed one T. J. Nicholson on the stand, as witness to sustain plaintiff's character, and asked witness if he knew plaintiff's general character in the neighborhood where he lived for truth and veracity, and for honesty and dishonesty; to which defendant objected as asked, upon the ground that defendant had confined the examination as to character to plaintiff's character for truth and veracity alone, although the court ruled the predicate to be, was his character good or bad? and plaintiff should not be

allowed to show plaintiff's character as to honesty or dishonesty. The court overruled the objection, and allowed witness to answer that the general character of plaintiff was good; to all of which several rulings of the court the defendant objected and excepted."

The errors assigned are—

1. Overruling demurrer to complaint.

2. Sustaining demurrer to pleas.

3. Allowing witnesses to answer questions to which defendant objected, as shown in the bill of exceptions.

M. J. TURNLEY, for appellant.—(Appellant's brief did not come into Reporter's hands.)

FOSTER & FORNEY, *contra.*—The act is constitutional. 44 Ala. 639.

The claim is not required to be presented.—46 Ala. 118.

Argument is hardly necessary to show that the other pleas of the defendant to which a demurrer was sustained were fatally defective.

In impeaching or sustaining a witness, the inquiry is not limited to his general character for truth, but may extend to his general moral character. The sustaining witness answered the precise question which this court say is the correct one.—*Ward v. The State*, 28 Ala. 53.

An impeaching witness may be cross-examined as to the grounds of his opinion. How long the unfavorable reports have prevailed, from what particular persons he has heard them, whether the persons who spoke against the witness are not his personal enemies.—*Lower v. Winters*, 7 Cow. 265: see, also, cases in Phil. on Ev. Pt. 2, vol. 4, p. 757.

B. F. SAFFOLD, J.—The act "to suppress murder, lynching, and assaults and batteries," approved December 28, 1868, is not unconstitutional.—*Gunter v. Dale County*, 44 Ala. 639.

The penalties given by it against a county are not such claims as are required to be presented to the court of county commissioners before suit is brought.—*Dale County v. Gunter*, 46 Ala. 118.

The demurrer of the plaintiff to the defendant's pleas was properly sustained. The fourth, fifth and sixth pleas amounted to the general issue. The second and third presented the same issues contained in the demurrer to the complaint, and considered in the first two propositions above stated.

The rule of examination in respect to an impeached witness, as declared in *Ward v. The State*, 28 Ala. 53, seems to be just and proper. The general character of a witness for truth and veracity is often so intermixed with his general moral character in the mind of an impeaching or sustaining witness as to be undistinguishable by himself. Besides, the point and purpose of the examination is attained by the concluding portion of the question, whether, from such knowledge, he would believe him on his oath.

The plaintiff, who was examined as a witness in his own behalf, was allowed to ask a witness called to impeach his testimony, on cross-examination, whether he did not know from *rumor* that the plaintiff had many enemies in his neighborhood? The answer was, that from *rumor* he was of the *opinion* that the plaintiff had some enemies in the neighborhood. The plaintiff had sworn that while in his own field he had been shot at and severely wounded by twenty or thirty persons in disguise. The defendant sought to discredit this story, by showing that he was unworthy of belief. The question and answer objected to certainly tended to corroborate his statement under very peculiar circumstances. His complaint was, that he had been injured by persons unknown and disguised, and he proved by this impeaching witness that he had unknown and concealed enemies. Those who would select such a mode of injuring or killing another, would also conceal their animosity towards him, as well as their participation in the crime; and the fact that there was a popular report, or current story, with or without any known authority for the truth of it, that a person had such enemies, would tend greatly to strengthen his evidence that he had been attacked by such persons.

The judgment is affirmed.