# Holland, Administrator, *v.* Barnes.

## *Action on Promissory Note.*

1. *Exception to admission of evidence; certainty requisite.*—A party excepting to the admission of evidence must show that it was obnoxious to the objections made to it; if the matter appear at all doubtful the ruling of the court below will be sustained.

2. *Witness; impeachment of.*—In impeaching a witness the proper inquiry is as to the general character of the witness, not restricted as to truth and veracity; but an inquiry into the character of the witness for "chastity and virtue" is not permissible.

3. *Injury; presumption of, from error.*—Where a clear legal right to propound an inquiry has been denied, allowing other witnesses to answer the question afterwards, will not cure the error, unless the appellate court can clearly see that the error could not have injured the party complaining of it.

4. *Charge of court, exception to; when not available.*—A mere general exception to the charge of the court, consisting of separate and distinct propositions, cannot be sustained unless the charge is wrong as an entirety.

5. *Promissory note; when without consideration.*—A promissory note given in consideration of services, already rendered the maker, for which the payee had already received the amount mutually agreed on between them, is a mere gratuity and without consideration.

6. *Same.*—When a promissory note, based on an insufficient consideration, has been obtained from a person under the influence of liquor at the time of its execution, and enfeebled in mind and body by long continued disease and drunkenness, a presumption of fraud arises, which must be countervailed by proof of a fair consideration, and fair and honest dealing on the part of him who seeks to enforce payment of the note.

APPEAL from City Court of Lee.

Tried before Hon. JOHN M. CHILTON.

Emaline Barnes, the appellee, brought suit against the appellant Holland, to recover of him, as administrator, the amount of a note made by his intestate, Ingersoll.

The evidence tended to show that at the time of the exe-

cution of the note, as well as up to the time of his death two years afterwards, Ingersoll was in feeble health, and his mental faculties so much impaired by drink that he was incapable of making a contract.   Appellee procured the execution of the note in the absence of Ingersoll's agent, and while only one person besides herself was present; Ingersoll being under the influence of liquor at the time.   The appellee had been in his service as nurse for several years prior to the execution of the note.   He had contracted to pay her ten dollars per month for her services, and the testimony went to show that she had been fully paid for these services when Ingersoll executed the note sued on.   She testified, however, that she had received only a small portion of the amount due her.

During the progress of the trial the defendant introduced one Smith, for the purpose of impeaching Margaret Ingersoll, a witness for plaintiff, and asked if he knew "the general character of the witness in the neighborhood in which she lived, for chastity and virtue."   The court refused to allow the question to be answered, and defendant excepted.   Defendant then asked this witness "if he knew her general character in the neighborhood in which she lived," but the court sustained an objection to the question, and would not allow it to be answered, and defendant excepted.   The bill of exceptions then recites, that "defendant introduced five witnesses who testified that they knew the general character of said Margaret, in the neighborhood in which she resided, for truth and veracity, that it was not good, and from their knowledge of her they would not believe her on oath," &c.

On the trial, plaintiff was introduced as a witness in her own behalf, and the defendant reserved exceptions to the ruling of the court in allowing her to answer certain questions put to her.   The opinion sets forth all the facts necessary to a proper understanding of these exceptions.

The court gave a lengthy written charge, consisting of several distinct paragraphs, in relation to the burden of the proof, the consideration necessary to support the note, and the defence set up of incapacity to make the contract.   To this charge the defendant excepted.

The defendant requested the court to charge the jury :

1st. "If the services of the plaintiff had been rendered in pursuance of a fair contract, and had been fully paid for, any promise in writing made by deceased, after full payment and settlement, to pay thereafter an extra sum is not recoverable by suit."

2d. "If the jury believe, from the evidence, that the note

[Holland v. Barnes.]

sued on was given for services as a domestic servant previously rendered, and that said services had been rendered under a contract previously made to serve at ten dollars per month, and that they had been paid for previously to the date of the note, then the note is without consideration and the plaintiff can not recover."

3d. "When a note is taken from a person of weak intellect, and an habitual drunkard, under suspicious circumstances, it is a strong badge of fraud, if the plaintiff does not make out a fair case and a good consideration."

All of these charges were severally asked in writing and the court refused to give them, to which defendant duly excepted.

The rulings of the court to which exceptions were reserved, the charge given, and the refusal to charge as requested, are now assigned as error.

G. W. HOOPER, for appellant.

SAMFORD & DOWDELL, contra.

BRICKELL, C. J.—1. The appellee, who was plaintiff in the court below, was suing on a promissory note payable to her, made by the intestate of the appellant. Among other defences interposed, was the plea of payment. The appellant having proved the admission of the appellee that she had received from the intestate a check for one hundred dollars, on which she had obtained the money, all of which exept fifteen dollars, she had appropriated to her own use ; the appellee was introduced as a witness on her own behalf, and was asked if she got the money on the check, to which she answered affirmatively. She was then asked, if she paid the money to the person to whom it belonged, or if she kept it, or paid it to some other person. She answered that she paid the money to the person to whom it belonged. Each question and answer was objected to, by the appellant, the objection overruled, and an exception reserved. The specific ground of objection was, that the evidence was of transactions had with the intestate, of which the appellee was not competent to testify. If the first question and answer were subject to this objection, its admission was error without injury. It rather benefitted the appellant, because it was an admission by the appellee on oath, of the fact the appellant sought to establish, viz : the reception of the money on the check. There was no cross-examination of the appellee, showing the person to whom, or when she paid the money;

[Holland v. Barnes.]

nor who she intended by the expression, that she paid the money to the person to whom it belonged. It may be that she intended some else than the intestate. If some one else was intended, she was not testifying of a transaction with the intestate, and the evidence would not be subject to the particular objection which was made. All doubt or uncer·tainty on this point could have been removed by a cross-examination, and the ground of objection distinctly presented, if it appeared she was testifying she had paid the money to the intestate, or to some one else by his direction. As the question is now presented, we cannot see clearly that the evidence was of a transaction with the intestate, and of course cannot pronounce that it was obnoxious to the objection taken. A bill of exceptions must clearly and affirmatively show the error of which complaint is made. If the party excepting will not so frame it, that the appellate court cannot without making intendments, or indulging presumptions in his favor, see that an error to his prejudice has intervened, the judgment of the primary court must stand. Or, if he will not elicit the facts fully, so that the primary court can intelligibly pass upon his objections to evidence, he cannot complain that his objections are not sustained.

2. The appellant to impeach a witness who had testified for the appellee, introduced a witness of whom he proposed to inquire as to the general character of the appellee's witness for chastity and virtue in the neighborhood in which she resided. To this question the appellee objected, and the objection was sustained. There is much conflict of opinion among text writers, and in judicial decisions, as to the mode of examining into the character of a witness sought to be impeached. Many authorities hold that the inquiry must be limited to the character of the witness for truth and veracity. Others assert the inquiry involves the entire moral character of the witness whose credit is impeached, and his estimation in society, and that the proper question to be propounded to the impeaching witness is, whether he knows his general reputation. No review of these authorities, or discussion of the reasoning on which they rest is necessary. The question is settled in this State, by the decision in *Ward* v. *State*, 28 Ala. 53, in which after an examination and citation of the principal authorities, a majority of the court ruled, the proper inquiry was as to the general character of the witness, not restricted as to truth and veracity; RICE, C. J. saying, "it is certainly unjust, that a witness who has made no general character as to *truth*, but whose general character is notoriously bad and infamous, should be protected by

[Holland *v.* Barnes.]

any such restriction as is now under discussion, and be thereby enabled to obtain equal credit with a man of unsullied general character." The decision was reaffirmed in *DeKalb County* v. *Smith*, 47 Ala. 407. All the authorities concur that the examination must be confined to the general reputation of the witness. Inquiry as to particular immoral conduct, or a want of virtue in any one particular, is not allowable. Departures from the line of rectitude, often repeated, tend to impair the moral sense, and may lessen the obligation to speak or act the truth; yet individuals differ widely in this respect. Some are more abandoned, and less reliable than others, and until general character is lost, and confidence in moral integrity destroyed, among those to whom the individual is known, it would be unsafe to indulge inquiries as to the want of moral character in regard to any particular duty. A notorious want of chastity in a female would assuredly blight her general reputation, and destroy all confidence in her virtue in any respect. The bad character she would certainly obtain, could be then given in evidence to impeach her, but not the cause producing it. If an inquiry as to the cause should be indulged, it would be often interminable. There would be but little security for witnesses, who are not supposed to be prepared to defend against assaults upon their general reputation as to particular conduct, but to defend their reputation in its entirety. *Morse* v. *Prince*, 4 Ver. 283; *State* v. *Smith*, 7 *Ib.* 142; *Spears* v. *Forrest*, 15 *Ib.* 437; *Commonwealth* v. *Cushing*, 11 Metc. 538. The inquiry as to the general character of the witness was proper, and the court erred in not allowing it. Nor, does the fact that five other witnesses who were inquired of as to the general character of the witness for truth and veracity, pronounced it bad, and that from it, she was not entitled to credit, cure the error in the exclusion of the evidence, or convert it into error without injury. When error is shown, the presumption of injury arises, and must be clearly repelled, before an appellate court will regard it as cured. Though it may appear to us that any answer which could have been made to the question disallowed, would have added but little, if any force to the testimony of the other impeaching witnesses, yet, we cannot know what effect it would have had on the minds of the jury. It was the clear legal right of the appellant to propound the inquiry, and all speculation as to the quantum of injury he has sustained by its denial, is unsafe.

3. The court gave a lengthy charge to the jury, to which a general exception was reserved. The charge certainly asserts

[Holland *v.* Barnes.]

several correct legal propositions arising out of the evidence. The exception is directed as well against these propositions, as against any other parts of the charge. Unless it was maintained as well to these propositions, as to others supposed to be erroneous, we would be compelled to do for the appellant, what he would not do for himself, to analyze the charge, and if error is found in it, to direct his exception to the error. That was his duty which he cannot devolve on this court. If there be error in the charge, and the attention of the court had been called to it by an exception, it could then have been corrected. Or, the appellee may have deemed the charge in the respect singled out as erroneous, not important to a recovery, and have waived it. The appellant cannot by a general exception of this character deprive the court of the power of correcting an error, into which it may have fallen by inadvertence, nor his adversary of the right to waive it, rather than incur the hazards of a reversal. No such general exception can be supported unless the charge as a whole is erroneous.

4. The first and second charges requested by the appellant, assert in effect the same proposition, and the court erred in refusing to give them. A consideration wholly past and executed, will not support a promise. There is no element of detriment to the promisee, or of benefit to the promisor. If the note was given in consideration of antecedent services rendered the intestate by the appellee, and he had paid her for such services, the amount he had agreed to pay, and she had agreed to receive for them, or if there was no special agreement as to the amount he should pay, an amount she was willing to receive and had received for them, a subsequent promise to pay a greater sum is gratuitous, and whether resting in parol, or reduced to writing in the form of a promissory note, is incapable of enforcement by suit at law. 1 Pars. on Con. 427. *Shaw* v. *Boyd*, 1st St. & Port. 83.

5. The third charge requested should have been given. When evidence is given that on an insufficient consideration, a promissory note has been obtained from a person enfeebled in body and mind by disease, and long continued drunkenness, and who at its execution is under the influence of liquor, a presumption of fraud arises, which must be countervailed by evidence of a fair consideration, and fair and honest dealing on the part of him who claims the note as a valid contract. *Hale* v. *Brown*, 11 Ala., 87.

For the errors pointed out the judgment is reversed and the cause remanded.