# Motes *v.* Bates.

*Action for Malicious Prosecution.*

1. *Conduct and language of prosecutor connected with arrest; when admissible as tending to establish malice.*—In an action for a malicious prosecution, it is competent for the plaintiff to show any acts, conduct or words of the defendant on the day of the plaintiff's arrest, and while he was in custody, tending to establish malice or other improper motive in the prosecution, or a purpose to vex or oppress the plaintiff; but, the defendant not being liable for any acts or declarations of the sheriff, beyond the usual and proper mode of executing the process, unless he instigated, authorized or participated in them, the declarations of the sheriff to the plaintiff, not made in the presence of the defendant, are not competent evidence for the plaintiff.

2. *Impeachment of witness; limitation of inquiry into character.*—In impeaching a witness, the inquiry is not limited to his general character for truth, but may be extended to his character generally.

3. *Advice of counsel; when constituting a defense.*—To make the advice of counsel a defense to such action, it is not necessary that the prosecutor should have made a full and fair disclosure of all the facts in the case, but only of all the facts known to him, or which he could have ascertained by reasonable diligence.

4. *Parol license to pass through lessor's lands; when revocable.*—When a rented field is accessible by a public road, permission to use a shorter

[Motes v. Bates.]

pathway through the lessor's other lands will not be implied from its greater convenience; and its use without objection is no more than a parol license, which is revocable at pleasure; but, if the use of the pathway was part of the contract, or was held out as an inducement to the contract, the lessor would be estopped from prohibiting its rightful use by the lessee or his servants.

5. *Indictment not evidence of probable cause.*—The finding of an indictment by a grand jury is not *prima facie* evidence of probable cause.

APPEAL from the Circuit Court of Pike.

Tried before Hon. JOHN P. HUBBARD.

This was an action brought by Joseph A. Bates in the court below, to recover damages of the defendant, P. A. Motes, the appellant here, for an alleged malicious prosecution; there having been a previous trial of the cause, and a reversal, on appeal, by this court. Issue was joined on the plea of "not guilty." It was shown by the plaintiff that at the Fall term, 1880, he had been arrested and tried for an assault and battery upon the body of the said Motes, under an indictment procured by Motes, whose name was endorsed as prosecutor thereon; and that said trial resulted in the acquittal of said Bates. During the examination of the plaintiff, who was testifying in his own behalf, witness was asked by his counsel in regard to a conversation between himself and the sheriff, during the custody of the former under said prosecution, and this question was asked: "Were you begging the sheriff not to put you in jail?" Defendant objected to this question, which objection was overruled by the court, and defendant excepted. Witness answered that he asked the sheriff not to put him in jail; and defendant moved to exclude his answer. The court refused to exclude, and defendant excepted. A diagram was offered in evidence showing the location of the parcels of land rented by W. E. Bates from defendant, which was cultivated by said W. E. Bates and the plaintiff. The evidence showed that at the time of the alleged assault and battery, the plaintiff and his brother, W. E. Bates, were cultivating these different parcels of land; that one parcel of three acres was near a mill, and on the east side of the mill creek; and another parcel of twelve acres was distant several hundred yards, down and on the opposite side of the creek; there was a path leading across the creek, and down a ditch, upon the lands of defendant, from the three acre tract to the twelve acre tract, which was somewhat nearer than along the public road and wagon way, which afforded communication between the places. Plaintiff claimed the right to pass over the lands of defendant, by this pathway, in going from one field to the other—which was denied by the defendant. The testimony shows that on the 10th of July, of the year of the lease, plaintiff was passing along this pathway, going to work

[Motes v. Bates.]

in the twelve acre field, when he was accosted by the defendant, with his gun, and accompanied by his son, and ordered to go back. A fight ensued in which plaintiff cut defendant with a razor, and was himself struck with the gun by defendant, whose son also struck plaintiff with a stick. Out of this difficulty grew the criminal prosecution which constitutes the basis of the present action. There was conflicting evidence as to the terms of the lease contract in regard to plaintiff's right to go along the pathway. The lessee, W. E. Bates, testified that at the time of the renting, the defendant, Motes, stated to him that when going to the twelve acre field with a wagon or a horse, he, Bates, would have to go the roadway; but that nothing was said about his not using the pathway when walking, and that witness had been using said path as a foot way habitually up to the time of the difficulty of the 10th of July, and that he had heard of no objection from Motes until about a week before that date. The defendant, Motes, testified that he expressly reserved the pathway for the private use of himself and family, and stated to plaintiff, at the time, that such was his uniform custom with his tenants renting these fields. Plaintiff sought to impeach the testimony of the defendant by showing his bad character; and, in vindication, defendant offered a witness, Folmar, who was asked by defendant's counsel: "Do you know the general character of the defendant?" to which question plaintiff objected, and the court having sustained the objection, defendant excepted. It was further shown by the defendant that before commencing the prosecution complained of, he consulted his attorney, who advised him that he had good cause for instituting the proceeding; and that he had acted in good faith in the whole matter of the prosecution. This being substantially all the evidence, the plaintiff asked the following written charges, which were given by the court: 1. "The defendant's right to forbid any one entering his premises does not apply to one who has the right to enter by subsisting contract or agreement; and if the jury believe that at the time of the renting the defendant induced W. E. Bates to believe that in entering the larger field, he would have to go the road only when he had a horse, or was driving a wagon, then the plaintiff had a right to go the path when he was walking." 2. "The advice of counsel will not protect the defendant, unless he has shown that he made, at the time the advice was sought, a full and fair disclosure of all the facts in the case, and the advice must have been sought in good faith, and not as a cover to the prosecution." To the giving of these charges the defendant severally excepted.

The defendant asked the following charge in writing: "If the jury believe from the evidence that the grand jury of Pike

Vol. lxxx.

county found a true bill against the plaintiff, Bates, this is, of itself, *prima facie* evidence of probable cause for the prosecution, although such prosecution resulted in an acquittal." The court refused to give this charge, and defendant excepted. The rulings of the court adverse to defendant, to which exceptions were reserved, and the giving of the charges asked by plaintiff, are now assigned as error.

N. W. GRIFFIN, for appellant.

GARDNER & WILEY, *contra.*

CLOPTON, J.—When this case was before the court on a former appeal (74 Ala. 374), it was held, that it is permissible for the plaintiff to prove the conduct and movements of the defendant on the day of the plaintiff's arrest, and while he was in custody, endeavoring to give bail. The ruling is founded on the settled doctrine, that it is competent to show any acts, conduct or words of the defendant, tending to establish malice, or other improper motive in the prosecution, or that he was moved by a purpose to vex, harass or oppress the plaintiff, as a ground for allowing exemplary damages. But, on the last trial, the plaintiff went beyond this, and offered evidence of a conversation between himself and the sheriff in front of the jail yard, which was admitted by the court, against the objection of defendant. The defendant can not be held responsible for any act or declaration of the sheriff, beyond the scope of the usual, proper and legal mode of executing such process, which the defendant did not instigate, authorize, or participate in. The only purpose, for which the conversation could have been introduced, was to excite the sympathy of the jury, and induce them to give heavier damages. The evidence being *prima facie* irrelevant, it is incumbent on the plaintiff to make it relevant. As there is an absence of evidence tending to show that the defendant had any knowledge of the purport of the conversation, or any connection therewith, it should have been excluded.—*Jackson v. Smith,* 75 Ala. 97; *Lienkauf & Strauss v. Morris,* 66 Ala. 406.

What was the objection to the question propounded to the witness, Folmar, we are not informed. We suppose it went to the generality of the interrogatory. There has been, and still is, an irreconcilable conflict of opinion, as to the proper form of the question to be propounded to an impeaching witness, some of the authorities holding, that it should be restricted to general character for truth, and others approving the general inquiry. The form of the question is a rule of practice, which was defined in *Ward v. State,* 28 Ala. 53, where the general

inquiry, substantially the same as in the present case, was held to be proper, and has since been regarded as the settled rule. *Holland v. Barnes*, 53 Ala. 83. Such has been the practice too long to be now disturbed.

The charge relating to the advice of counsel as a defense is subject to criticism. It makes a requirement of the defendant more extensive than the rule. In order to avail himself of the advice of counsel, it is not requisite that he shall make a full and fair disclosure of all the facts *in the case;* but of all the facts bearing on the case, which he knows, or could have ascertained by reasonable diligence.—*Steed v. Knowles,* 79 Ala. 427; *Trowman v. Smith,* 12 Amer. Dec. n. 266. If any material, relevant fact is culpably withheld, or if the defendant did not act upon the advice received in good faith, he will be deprived of any protection to which he would, otherwise, be entitled.

On the facts presented on the former appeal, it was held, that the use of the pathway by the plaintiff, being by permission of the defendant, was only a parol license; and that such license, without consideration, is revocable at the will of the person by whom it is granted. The present record contains some additional testimony of what occurred at the time of making the contract, on which is based a charge respecting the right of the plaintiff to use the pathway. It appears that there were both a public road, and a private path over other land of the defendant, leading to the rented field. If there was no agreement, express or implied, that the lessee of the premises, might use the path, no implied obligation to permit its use arises, because of greater convenience, there being another accessible public way. It is true a parol license, coupled with an interest, may be irrevocable. If it was a part of the contract, so as to constitute its use the equivalent to an appurtenance to the rented premises, the defendant is estopped from prohibiting its use by the lessee or his employees, so long as the use was not abused. The defendant would also be estopped, if the use of the path was held out to the lessee as an inducement to rent the field, on which he relied and acted. But a mere representation, that when he went to the field with a wagon, or home, he could go the roadway, followed by subsequent use of the path, without objection, when nothing was said about the pathway, and the use of it was not an inducement on which the lessee relied and acted, or was not an element of the contract, would amount to no more than a parol license, revocable at the will of the defendant.—*Riddle v. Brown,* 20 Ala. 412; *Huff v. McCauley,* 53 Pa. St. 206; *Nettleton v. Sikes,* 8 Met. 34; 1 Wash. on Re. Prop. 628–638. It must be observed, however, that a witness can not testify to an un-

[Motes v. Bates.]

communicated motive or inducement. He must state the facts, and the jury must draw the conclusion.

While a parol license, being in its nature personal, ordinarily is not assignable, the use of the path by an employee of the lessee, who is engaged in cultivating the field, is not an assignment of the license. If it be conceded, however, that the inducement is sufficiently stated in the charge, the hypothesis omits the material facts, whether the lessee acted on the faith of the inducement, and whether the plaintiff was his employee. Whatever may have been the right of the lessee to use the path, it did not enure to the plaintiff, unless he was, at the time, employed on the rented premises.

There are respectable authorities, which hold, that a true bill found by a grand jury is *prima facie* evidence of probable cause, in an action for a malicious prosecution.—*Bell v. Pearcy.* 11 Ire. L. 233 ; *Brown v. Griffin,* Cheves 32. We are unwilling to follow these authorities, which can not be supported by satisfactory reasons, or maintained on principle. A judgment, on the merits, except in proceedings *in rem,* is not evidence against one, who had no notice, and of whose person the court did not have jurisdiction, of any fact, other than its existence. A judicial recognition of a fact is not a self-disserving admission by a party, who has had no opportunity of being heard. The proceedings of the grand jury are protected by the seal of secrecy, unless their disclosure is necessary to the public interests, or to the maintenance of private rights. An indictment found is, by statute, prohibited to be entered on the minutes, and is not to be inspected by any person, other than the presiding judge, the solicitor, and the clerk of the court, until the defendant has been arrested, or has given bail for his appearance. The finding of an indictment is an *ex parte* proceeding, conducted with closed doors, and its privacy secured by solemn oath. While an indictment is an accusation in writing, charging a person with an indictable offense, presented by a component part of the court ; though it is a judicial affirmation, that the evidence before the grand jury is sufficient to put him on trial before a petit jury ; it is an accusation and affirmation founded on such evidence as the prosecuting officer, the grand jury, and the prosecutor, if any, may see proper to select and adduce ; and it is important to impair, on the trial of the accused, the presumption of innocence. The person charged not permitted to be present ; has no opportunity of being heard ; can bring no evidence, and can not cross-examine the witnesses produced. To admit such judicial finding as *prima facie* evidence of probable cause will enable a malicious prosecutor, by his own evidence alone, or by manipulating other testimony, to arm himself with a *prima facie* defense against a subsequent

action.   The charge requested by the defendant was properly refused.

Reversed and remanded.