# Birmingham Union Railway Co. *v.* Hale.

*Action for Damages against Street Railway Company, for Personal Injuries to Passenger.*

1. *Testimony of physician as to declarations of patient.*—A physician, testifying to his attendance on plaintiff, and his examination of her person, after receiving the injuries for which she sues, may state that, when he first saw her, "she was complaining of pain from an injury she said she had received."

2. *Impeaching witness by proof of character.*—In impeaching the character of a witness, the inquiry is not limited to his character for truth and veracity, but may extend to his general moral character; yet, though a notorious want of chastity may affect the general reputation of a female witness, her general character can not be impeached by proof of the fact that she is a prostitute, or the fact that she keeps a house of ill-fame.

3. *Argumentative charges,* based on particular portions of the evidence, and as to the effect the jury should give to certain facts, are properly refused.

4. *Burden of proof as to negligence.*—When plaintiff sues for damages on account of personal injuries caused by the alleged negligence of the defendant's servants, the *onus* is on him to prove the negligence, and that it was the proximate cause of the injury; but, when his evidence shows that the injuries were received while alighting from one of the defendant's street cars, and were caused by the driver starting the car with a jerk as he was in the act of alighting, this establishes a *prima facie* case of negligence, and imposes on the defendant the burden of disproving it.

5. *Sufficiency of evidence.*—When the evidence is in equipoise, the verdict of the jury must be against the party on whom the burden of

proof primarily rested; but, in a civil case, a verdict may be based on a preponderance of the evidence, if sufficient to satisfy the minds of the jury.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This action was brought by Mrs. Sarah H. Hale, against the appellant, a domestic corporation organized under the general statutes, to recover damages for personal injuries sustained by plaintiff as she attempted to alight from one of the defendant's street cars in Birmingham, alleged to have been caused by the negligent act of the driver in starting the car "with a jerk" as she was in the act of alighting. The accident occurred on the 2d February, and the action was commenced on the 19th February, 1889. The only plea was the general issue. The jury awarded the plaintiff $500 as damages. The plaintiff testified on the trial, as to the circumstances attending the accident, and the nature and extent of the injuries she received, and said that she suffered a miscarriage in consequence of her injuries during the ensuing night. Dr. Whaley, who was called to her assistance the next day, testified to the nature and extent of her personal injuries; said that she had evidently suffered a miscarriage, and further, "When I first saw her, she was complaining of pain from *an injury she said she had received.*" The defendant moved to exclude from the jury the words which are italicized, and excepted to the overruling of the motion. At the time of the accident, the plaintiff and her husband were occupying rooms which they rented from Mrs. A. Rowland, and to which plaintiff was carried immediately after the accident. Mrs. Rowland was examined as a witness for plaintiff, and testified as to her injuries, the length of time she was confined, &c. On cross-examination, Mrs. Rowland testified, "I resided in South Highlands for a short time, and moved away from there, for one reason, because I was not able to pay rent." For the purpose of impeaching the character of this witness, and of contradicting her testimony, the defendant offered one Hagood as a witness, who was the marshal of the South Highlands while she resided there; and proposed to prove by him, (1) that she there kept a house of ill-fame, and (2) that she left the place in obedience to orders of the municipal authorities. The court excluded this evidence, and the defendant excepted. W. L. Hughes, the driver of the car by which the plaintiff was injured as she testified, was examined as a witness for the defendant, denied that she was injured on alighting from his car, and said that she walked off after alighting, leaning on her husband's arm; and the defendant introduced other evi-

dence contradicting plaintiff's testimony in several material particulars.

The defendant asked the following charges in writing, and duly excepted to the refusal of each of them : (1.) "If the jury believe that plaintiff has been contradicted by the witnesses, as to any material parts of her testimony—such as, the point where she got off the car, and where she got on again ; whether or not she was injured in getting off, and whether or not she told her doctor that defendant's driver was taking a drink at the time of the accident—such contradictions may raise such a doubt in the minds of the jury, as to whether she has told the truth, as would authorize them to disregard her testimony." (2.) "If the jury believe that the injury complained of occurred in getting off defendant's car on Second avenue and Twenty-sixth street, they must find for the defendant." (3.) "If the jury believe the testimony of the plaintiff in her own behalf, they must find for the defendant." (4.) "The burden is on the plaintiff to prove that she was injured in getting off defendant's car, by the carelessness of defendant's driver ; and if all the testimony in the case leaves the jury in uncertainty, as to whether she was so injured, the jury must find for defendant." (5.) "It was only the duty of the defendant's driver to stop his car a reasonable time to allow plaintiff to alight from it ; and if he did so, he was using ordinary diligence ; and the burden of proving that the car was not so stopped is on the plaintiff."

The refusal of the several charges asked, and the rulings on evidence, are assigned as error.

HEWITT, WALKER & PORTER, for appellant.

BUSH, BROWN & WEBB, and TALIAFERRO & VAUGHAN, *contra.*

CLOPTON, J.—1. The physician, who attended the plaintiff, was permitted to testify that, when he first saw her, "she was complaining of pain from an injury she said she had received." As to statements made to the physician by a party who is the subject of the injury, the rule of exclusion extends to declarations as to its cause, or the way in which it occurred ; these being regarded as mere narratives of past events, which must be proved by other and independent evidence. But, from the necessity of the case, he may testify to the party's statements as to his symptoms, the locality and character of the pain, and explanation of his bodily condition, made while suffering, and for the purpose of enabling the physician to form an opinion of the nature and extent of the injury.—*Eccles v. Bates,*

[Birmingham Union Railway Co. v. Hale.]

26 Ala. 655; *Roosa v. Boston Loan Co.*, 132 Mass. 439; *Ill. Cen. R. R. Co. v. Sutton*, 42 Ill. 438. The statements of plaintiff, to which objection was made, come within the rule last stated; they related to the pain of which she was complaining, as having been produced by an injury, without reference to its cause, or manner of occurrence. The court did not err in refusing to exclude the testimony.—1 Whart. Law of Ev. § 263.

2. It is undoubtedly the rule of practice in this State, too well and long settled to be departed from, that in examining into the character of a witness sought to be impeached, the inquiry is not limited to character for truth and veracity, but may extend to his general moral character. Notwithstanding such extension of the rule, immoral conduct in any one particular, however it may bear on the question of general character, can not be put in evidence for this purpose. By a notorious want of chastity, a female will certainly obtain a bad character, and her general reputation, if she has acquired any, may be given in evidence to impeach her; but not the particular and independent fact that she is a prostitute, or keeps a house of ill-fame—the cause producing her bad character can not be inquired into, unless on cross-examination.—*Holland v. Barnes*, 53 Ala. 83; *Motes v. Bates*, 80 Ala. 387. The evidence as to the character of the house kept by the witness sought to be discredited, and as to the orders of the municipal authorities in reference to her, was properly excluded.

3. The first charge requested by defendant is argumentative. We have repeatedly declared that mere arguments on specific parts of the evidence, which may be properly addressed to the jury, should not be formulated into legal propositions, and announced to them as such. There is no error in refusing charges of this character.—*Hussey v. State*, 86 Ala. 34; *Hawes v. State*, 88 Ala. 37.

4. That a party suing for damages, for an injury caused by the negligence of another, has on him the burden to prove such negligence, and that it was the proximate cause of the injury, is an elementary principle. Necessity has modified the rule in the case of a passenger on a railway train, but not to the extent of entire exemption from the necessity to make a *prima facie* case of negligence. Proof of mere injury, without more, does not raise a presumption of negligence sufficient to impose on the company the burden to prove due care on its part. In order to recover, it is incumbent on plaintiff to show an accident from which the injury resulted, or circumstances of such character as impute negligence. Railway companies

are bound to exercise a high degree of care in providing tracks and plants, locomotives and cars, competent and skillful employès, and all other agencies and appliances required in the safe transportation of passengers and freight. When it is shown that an accident happens, which would not ordinarily have happened if due care and foresight had been exercised—such as from the derailment of the train, or defect of the track or machinery, or from a collision, or from the breakage, or defective condition of any of the appliances employed in the business, or the method of their use—negligence may be presumed, or inferred; proof of an accident of such nature, or under such circumstances, establishes a *prima facie* case of negligence.—*Del. Lack. & Wes. R. R. Co. v. Napheys,* 1 Amer. & Eng. R. R. Cases, 52–59, n.; 2 Wood's Railway Law, 1096, n.; 1 Whart. on Ev., § 359. The rule is clearly and comprehensively stated in *Transportation Co. v. Downer,* 11 Wall. 129, by Field, J.: "A presumption of negligence from the simple occurrence of an accident seldom arises, except when the accident proceeds from an act of such a character that, when due care is taken in its performance, no injury ordinarily ensues from it in similar cases, or where it is caused by the mismanagement or misconstruction of a thing over which the defendant has immediate control, and for the management and construction of which he is responsible."

The injury occurred on a street car drawn by horses. When plaintiff proved that, on the stoppage of the car, she at once walked out on the platform to get off, and while in the act of alighting, the driver suddenly started the car with a jerk, which caused her to fall, whereby she was injured, she established a *prima facie* case of negligence in the management of the car; the burden of proof, which primarily rested on her, was uplifted, and the burden of disproof thrown on defendant. She was not required to make, in the first instance, other and further proof, that the car did not stop long enough to enable her to get off with safety. On the case made by the evidence, negligence *vel non* became a question of inquiry by the jury on the entire testimony.—*Ga. Pac. Railway Co. v. Hughes,* 87 Ala. 610.

When the evidence is in equipoise, the verdict must be against the party on whom the burden of proof primarily rested; but, in a civil case, a verdict may be based upon a preponderance of the evidence, if such preponderance is sufficient to satisfy the minds of the jury.— *Vandeventer v. Ford,* 60 Ala. 610. It can seldom be said, that the issue is not in uncertainty to some degree, whenever there is a conflict of evidence. The latter clause of the charge requested by de-

[Lovell v. DeBardelaben Coal and Iron Co.]

fendant, to the effect, that if all tl e testimony in the case left , the jury in uncertainty as to whether the plaintiff was injured by the carelessness of defendant's driver, they must find for the defendant, lays down the rule too exactingly; the jury would probably have understood from the instruction, that they must be *clearly* convinced. The fourth and fifth charges . asked by defendant, as framed, were calculated to mislead the jury as to the measure of proof.— *Wilkinson v. Searcy,* · 76 Ala. 176; *Lehman v. Kelly,* 68 Ala. 192.

Affirmed.