[McInerny v. Irvin.]

# McInerny *v.* Irvin.

## *Trespass Quare Clausum Fregit.*

1. *Plea of liberum tenementum; evidence of title.*—In an action of trespass *quare clausum fregit*, the plea of *liberum tenementum* raises the question of title to the *locus in quo*, and evidence of paramount title in either party is admissible, as under the general issue; and the plaintiff having proved his possession at the time of the alleged trespass, the *onus* is on the defendant to establish his own title.

2. *Imperfect conveyance as color of title.*—An instrument in the form of a deed, but without attesting witnesses, and only acknowledged after the lapse of sixteen years from its date, is admissible evidence, in connection with proof of continuous possession under it, as color of title, and as showing the extent of the possession.

3. *Adverse possession, and how pleaded.*—Adverse possession for the period prescribed as a bar by the statute of limitations, under a written instrument which, though defective as a conveyance, constitutes color of title, "arms the holder with all the powers of offense and defense which an unbroken chain of title confers ;" and it may be proved without a special replication to the plea of *liberum tenementum*,

4. *Impeaching character of witness.*—In impeaching the credibility of a witness, the inquiry is not limited to reputation for truth and veracity, but extends to general character ; but a female witness can not be impeached by evidence of her bad character for chastity and virtue.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. JOHN MOORE.

This action was brought by Brown Irvin against Michael McInerny, to recover damages for an alleged trespass by defendant on certain premises, which were described as "the north-east corner of lot 203, and the south-east twenty feet of lot 204, located in the town of Decatur ;" and was commenced on the 25th March, 1887. The defendant pleaded not guilty as to lot 203, and *liberum tenementum* as to lot 204; and issue was joined on these pleas. On the trial, several exceptions were reserved to rulings on evidence, and these rulings are here assigned as error. The opinion states the material facts connected with the points decided.

O. KYLE, for appellant.

WERT & SPEAKE, *contra.*

SOMERVILLE, J.—The action is one of trespass to realty—*quare clausum fregit*—the premises alleged to have

[McInerny v. Irvin.]

been trespassed on being described as certain parts of lots 203 and 204 in the town of Decatur. The defendant interposed the plea of not guilty to the alleged trespass on lot 203, and the special plea of *liberum tenementum* as to lot 204.

1. The effect of the plea of *liberum tenementum* is to assert title to the *locus in quo* in the defendant. It raises the question of title, and evidence of paramount title in either party litigant is admissible precisely to the same extent as it would be under the general issue. An action of trespass of this nature being on the actual possession of the plaintiff, if the defendant proves in himself a superior title, the damage done to the premises can be no injury to the possessor, because he has no right.— *Wilson v. Bibb*, 25 Amer. Dec. 118; *Dean v. Fail*, 8 Port. 491; 2 Greenl. Ev. § 626. The plaintiff having proved possession, the burden is then cast on the defendant to establish a better title in himself, or else his plea fails.

2. There was clearly no error in admitting in evidence the deed from Tisdale to the plaintiff, bearing date July 15th, 1871. It is true that the execution of this paper was not acknowledged until February 9th, 1887, about sixteen years after it was signed, and something over a month before the present action was commenced. But it was offered in connection with the alleged fact of the plaintiff's actual possession under it for nineteen years prior to the date of the trial, and was certainly admissible as color of title to define the extent of such possession, and to characterize its boundaries. *Bohannon v. The State*, 73 Ala. 47: *Hughes v. Anderson*, 79 Ala. 209; *Wilson v. Bibb*, 25 Amer. Dec. 118; *Molton v. Henderson*, 62 Ala. 426.

3. Ten years of adverse possession under such a muniment of title, with the exceptions provided for by the statute, which have no application to this case, "arms such holder with all the powers of offense and defense, which an unbroken chain of title confers."—*Barclay v. Smith*, 66 Ala. 230. Its effect would be to cut off and extinguish any superior legal title which the defendant may have had, if any such he ever acquired, by his chain of title from Tisdale, dating back to the latter's deed to Sutton under whom the defendant claims, thus converting the actual adverse holder into the true owner, with a perfect title.—*Bicknell v. Comstock*, 113 U. S. 149; *Crockett v. Lashbrook*, 17 Amer. Dec. 98; 1 Amer. & Eng. Ency. Law, 301–303. And this assertion of title in the plaintiff could be supported under the issue of freehold title, raised by the special plea of *liberum tenementum*, without the necessity of a replication to such plea on the part of the plaintiff.

[Curry v. Shelby.]

4. It was competent for the defendant to impeach the credibility of the witness Minnie King, by proving that her general character, or reputation, was bad. It was not necessary to restrict such inquiry to reputation for truth and veracity, although it must be admitted, that evidence bearing especially on the latter inquiry would be more satisfactory for the purpose of impeachment, and, of course, admissible by either party. The practice on this subject was settled in this State as far back as *Ward v. The State*, 28 Ala. 53, decided in the year 1856, where a majority of this court held that, in impeaching a witness, the inquiry is not limited to his general character for *truth*, but his *bad character generally* may be proved, as a fact going to his credibility. This ruling was followed in *DeKalb County v. Smith*, 47 Ala. 407, and was again re-affirmed in *Holland v. Barnes*, 53 Ala. 83, and *Motes v. Bates*, 80 Ala. 382. The practice in our trial courts has been uniformly established in conformity to these rulings, and its propriety has passed beyond the pale of further discussion.

In refusing to permit the witness to be impeached by evidence of her alleged bad character for chastity and virtue, or by showing that she was a common prostitute, the Circuit Court but followed the settled rule of law announced by this and other courts on the subject.—*Holland v. Barnes*, 53 Ala. 83; *Evans v. Smith*, 17 Amer. Dec. 74; note p. 77, and cases cited,

The rulings of the Circuit Court are all, in our opinion, free from error, and the judgment is affirmed.