# Swint *v.* The State.

*Assault With Intent to Ravish a Female.*

(Decided Feb. 13th. 1908.   45 So. Rep. 901.)

1. *Witnesses; Impeachment; Character.*—A witness's testimony may not be impeached by proof of bad character for chastity; it is the general character of a witness that impeaches, and not a single characteristic, such as character for chastity being bad.

2. *Criminal Law; Instructions; Undue Prominence; Misleading and Argumentative.*—Charges asserting that the bad character for chastity, and the fact of the witness's pregnancy prior to the assault may be considered, together with the evidence, in determining the guilt of the accused, and in determining whether defendant forcibly ravished her, are properly refused, because they single out and make prominent a single phase of the testimony, and are misleading.

APPEAL from Lee Law and Equity Court.

Heard before Hon. ALBERT E. BARNETT.

Will Swint was convicted of assault with intent to ravish a female, and he appeals. Affirmed.

The following charges were requested by, and refused to, the defendant: "(1) The character of the woman alleged to have been assaulted with regard to chastity may be proven, and the jury may weigh such evidence, together with all the evidence in the case, in determining the guilt or innocence of the defendant. (2) The fact, if it be a fact, that the woman alleged to have been assaulted, having never been a married woman, had been in a pregnant condition previous to the alleged assault, may be considered by the jury, together with all the other evidence in the case, in determining the guilt or innocence of the defendant. (3) The jury can look to the bad character of Lueva Hill, if they so believe from the evidence, to determine, in connection with all the other evidence in the case, whether the defendant forcibly as-

[Swint v. The State.]

saulted her.   (4) The character of the woman alleged to have been assaulted may be proven, and the jury may weigh such evidence, together with all the evidence in the case, in determining the guilt or innocence of the defendant."

SAMFORD & DUKE and R. B. BARNES, for appellant. The court erred in refusing to permit the witness to testify as to the character of Lueva Hill for chastity.— *Boddie v. The State*, 52 Ala. 395; *Barnes v. The State*, 88 Ala. 204.   The general reputation of the woman alleged to have been ravished is relevant testimony as tending to show consent.—Authorities supra.

ALEXANDER M. GARBER, Attorney General, for the State.—The court properly declined to permit evidence of the character of the woman assaulted.—*Rhea v. The State*, 100 Ala. 119.   Charges 1, 2, 3 and 4 were properly refused.—*Hussey v. The State*, 86 Ala. 34; *Barnett v. The State*, 83 Ala. 40; *Austin v. The State*, 145 Ala. 37.

HARALSON, J.—The defendant asked his witness, McCurdy, "Do you know the general character of Lueva Hill for chastity in the community in which she lives?" The court sustained an objection to the question and would not allow it answered.

Said Lueva had been examined, and gave evidence which, if believed, would tend to convict the defendant. The evident object of the evidence, if allowed, was to impeach the credibility of this witness.

In *Rhea v. State*, 100 Ala. 122, 14 South. 853, it was said: "Under our rule, bad general charater as a generic proposition, may be given in evidence to impeach a witness.   It is not confined to character for truth and veracity [citing cases]."   But the fact that a woman is a prostitute, while it is one of the constituents that make

up her general character, cannot be singled out and made a special ground for impeaching her character for veracity.—*B. U. R. Co. v. Hale,* 90 Ala. 8, 8 South. 142, 24 Am. St. Rep. 748; *McInerny v. Irvin,* 90 Ala. 275, 7 South. 841. In the latter case, it was held that in impeaching the credibility of a witness, the witness cannot be impeached by evidence of her bad character for chastity and virtue. The court did not commit error in sustaining the objection to the question.

Charges 1, 2, 3, and 4, requested by defendant, were properly refused. They singled out a certain phase of the evidence, and were misleading and argumentative.— *Hussey v. State,* 86 Ala. 34, 5 South. 484; *Austin v. State,* 145 Ala. 40, 40 South. 989.

Finding no error in the record, the judgment below is affirmed.

Affirmed.

TYSON, C. J. and SIMPSON and ANDERSON, JJ., concur.