(75 South. 331)

## GRAY v. STATE. (4 Div. 675.)

(Supreme Court of Alabama. April 19, 1917.)

1. WITNESSES ☞340(3) — IMPEACHMENT — WANT OF CHASTITY.

A witness in a prosecution for murder could not be impeached by showing her lack of chastity, although she was subject to impeachment in the proper manner.'

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1121.]

2. WITNESSES ☞374(1) — IMPEACHMENT — BIAS.

Witness' relations with deceased, shown by extrajudicial statements of a third person, were inadmissible, in a prosecution for murder, to show bias against defendant.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1201.]

3. WITNESSES ☞248(2) — EXCLUSION OF IRRESPONSIVE ANSWER.

Witness' statement, in answer to question as to reputation of deceased for peace and quiet, in prosecution for murder, that he had arrested deceased several times, was properly excluded, as being unresponsive to the question.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 862.]

Appeal from Circuit Court, Barbour County; Judge S. Williams, Judge.

George Gray was convicted of murder, and appeals. Affirmed.

McDowell & McDowell, of Eufaula, for appellant. William L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

SAYRE, J. Appellant was convicted of murder.

[1, 2] Mattie Walker testified for the state. She was subject to impeachment in a proper way; but her lack of chastity could not be singled out for that purpose. Swint v. State, 154 Ala. 46, 45 South. 901. Nor could her relations with the deceased, if that was relied upon to show bias against defendant, be shown by the extrajudicial statements of a third person.

[3] Appellant seems to complain that he was not allowed to have the testimony of the witness Teal as to the reputation of deceased for peace and quiet. Appellant had just that, as the record shows. It is true that the witness, when first interrogated as to the reputation of deceased, said that he—witness

---

was an officer—had arrested deceased two or three times; but this answer was not responsive to the question, was incompetent (Swint v. State, supra), and was properly excluded on the state's motion. Afterwards the witness answered appellant's question in a proper way.

Learned counsel do not seriously argue the proposition that there was any error in the admission of the dying declaration of the deceased. Proof of the declaration was properly admitted.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.