## Clark *v.* Hart.

*Action on Promissory Note, by Assignee against Maker.*

*Admissibility of parol evidence to vary writing.* — In an action on a promissory note, payable in money, proof of an antecedent parol agreement between the parties, that it should be discharged in some other way, is not admissible.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. McCALEB WILEY.

This action was brought by Mrs. Emeline Clark against H. C. Hart, and was founded on the defendant's note for $955, dated Eufaula, March 21, 1863, and payable twelve months after date, to Thomas Robinson and Emeline Clark, as the administrators of J. W. Clark, deceased, or bearer. The only plea was the general issue, " in short, by consent, with leave to give any special matter in evidence that might be admissible under that plea." On the trial, as the bill of exceptions shows, the plaintiff read the note in evidence, and proved her ownership of it; also, that it was given for a one half interest in a negro, a pair of mules, and a dray, which had been sold by the payees, as the administrators of said J. W. Clark, deceased, and bought at the sale by the defendant. " The defendant was

[Clark v. Hart.]

then sworn as a witness in his own behalf, and testified that said J. W. Clark and himself were copartners in the warehouse business; that said negro, mules, and dray were partnership property belonging to said firm of Clark & Hart, and were in his possession as surviving partner, at and before the time of said administrators' sale; and that said note was given by him, as the purchaser at said sale, of the half interest in said property owned by said Clark. The defendants then offered to testify that said administrators agreed with him, before said sale, that if he would consent to a sale by them of said Clark's interest in said property, he would be allowed to become the purchaser, and that the price bid by him should be allowed to go to the credit of said J. W. Clark's unsettled individual account with said firm of Clark & Hart; that he allowed said sale to be made by said administrators upon this agreement and understanding, and became the purchaser at the sale, and gave his note, upon that understanding. To all of this evidence the plaintiff objected; but the court overruled the objection, and allowed the evidence to go to the jury; to which the plaintiff excepted. The defendant further offered to testify that said J. W. Clark was largely indebted to said firm of Clark & Hart; that at the maturity of said note, he credited the amount thereof on said Clark's individual account with said firm; and that on a final settlement of the accounts of said firm, said Clark would still be indebted to him in a considerable sum. To all of this evidence the plaintiff objected; but the court overruled her objection, and allowed the evidence to go to the jury; to which the plaintiff excepted." These rulings of the court on the evidence, in consequence of which the plaintiff took a nonsuit, are now assigned as error.

SHORTER & McKLEROY, for appellant.

J. L. PUGH, contra.

PECK, C. J. — The parol evidence offered in this case by the defendant, and admitted by the court against the objections of the plaintiff, should have been rejected. It was an effort on the part of the defendant, by parol evidence, to vary the legal effect of the promissory note described in the complaint. This, in the absence of fraud or mistake, could not be done. *Barringer & Rhodes* v. *Sneed*, 3 Stewart, 201; *Brooks & Brown* v. *Maltby*, 5 S. & P. 96; *Litchfield* v. *Falconer*, 2 Ala. 280; *Cowles* v. *Townsend & Millikin*, 31 Ala. 133. The note is unambiguous, and was to be paid in money, twelve months after date. The parol evidence, offered by the defendant, was to show that it was not to be paid in money, but that by a

parol agreement between the defendant and the payees, before the note was made, it was to be discharged by crediting the unsettled individual acount of Jno. W. Clarke, deceased, with the then late firm of Clarke & Hart, with its amount; and that after the maturity of said note, he, defendant, had accordingly credited said account with its amount.

The admission of said evidence would, almost certainly, have defeated the plaintiff's recovery. He, therefore, very properly suffered a nonsuit, and reserved the point, by bill of exceptions, for the decision of this court, under section 2755 Revised Code, and has brought the case here by appeal, and assigns the ruling of the court below for error.

The judgment must be reversed, the nonsuit set aside, and the cause be remanded for further proceedings; and the appellee will pay the costs.