# Ramsey *v.* Young.

*Action on Promissory Note.*

| 69 | 157 |
| 100 | 625 |
| 69 | 157 |
| 117 | 610 |
| 118 | 379 |

1. *Evidence; admissibility of.*—In a suit at law on a promissory note, in which the consideration is stated, it is admissible to show by parol evidence a valuable consideration for the note, differing from that expressed therein.

APPEAL from Pike Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This was an action of *assumpsit* brought by the appellee against the appellant, and was founded on a crop-lien note given under the statute for advances, in which the consideration is stated to be "necessary advances in horses, mules, oxen, and necessary provisions, farming tools and implements and money to procure the same," etc. The appellant pleaded in short, by consent, (1) the general issue, (2) no consideration, and (3) failure of consideration. On the trial, the appellee having read in evidence the note sued on, the appellant was examined as a witness on his own behalf, and testified, that he did not, at the time the note was executed or at any other time, "buy or receive from the plaintiff or his agent, in whole or in part, any necessary advances in horses, mules, oxen, and necessary provisions, farming tools and implements and money to procure the same," for the purpose of making a crop. Thereupon the appellee asked the witness, whether he did not buy from appellee's agent a lot of guano, to which the appellant objected, and offered to prove that guano was not one of the articles specified and named in the note as the consideration thereof. The court overruled the objection and allowed the appellee to show that a purchase by the appellant from an agent of the appellee, of a lot of guano, was the true consideration of the note; and the appellant excepted. This being substantially all the evidence, the court charged the jury, at the appellee's request, that if they believed the evidence they must find for him, and the appellant excepted. The appellee obtained a verdict and judgment, and from the judgment this appeal was taken. The rulings of the lower court above noted are here assigned as error.

[Ramsey v. Young.]

M. N. CARLISLE, for appellant.

GRIFFIN & WOOD, *contra.*

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—The record presents a single question—the admissibility of parol evidence to show a valuable consideration for a promise in writing to pay money, differing from that expressed in the writing. It is very well settled, that the consideration of contracts in writing is in general open to inquiry, and it is not an infringement of the rule excluding parol evidence to add to, vary, or contradict writings, to receive parol evidence of the actual consideration for the purpose of determining its validity, or its failure, or that from any cause it is sufficient or insufficient to support the contract. 1 Green. Ev. § 285; 2 Whart. Ev. § 1042; 1 Brick. Dig. p. 862, § 828. In reference to bills of exchange and promissory notes, it is said in 1 Parsons on Notes and Bills, 194, "that any statement in a bill or note respecting the consideration may be explained or contradicted by parol evidence. It may be shown, notwithstanding any such statement, either that there was no consideration at all, or that the consideration was different from that stated."

As a promise for the payment of money, the sale of guano was a consideration which would support the writing, equally with that which is expressed. The legal effect of the contract, as such promise, is not altered or varied, whether the one or the other is the real consideration. If it was sought to enforce the contract as a statutory lien for advances to make crops, a different question would be presented. Then disproving the consideration expressed, would disprove the existence of the lien; and evidence of any other consideration would be inadmissible for the reason, that however valuable, such consideration may be, from it the lien can not be derived. The enforcement of the contract as a promise to pay money being the single purpose of the suit, it was permissible for the plaintiff by parol to show any valuable consideration for the promise, though it differed from that expressed in the writing.

Affirmed.