# Baker *v.* Boon.

*Action of Assumpsit.*

1. *Plea setting up the actual consideration of note sued on.*—In an action on a note, by the transferee against the maker, where the defendant pleads that at the time of the execution of the note there where mutual unsettled accounts between the parties, and that the note was given to cover only the balance that should be found due the payee on a settlement of the accounts, and "that only a few dollars was in fact due," and the plaintiff assigns as grounds of demurrer to the plea, (1) that the maker attempted to show by a parol agreement that a different amount was to be paid than that specified in the note, and at an indefinite time ;" and (2) that the plea attempted to change a written agreement by parol testimony, the demurrer was properly overruled.

2. *Grounds of demurrer must be specially assigned.*—The court can consider no cause of demurrer not distinctly stated in the demurrer.

3. *New trial—surprise.*—Where the plaintiff goes to trial without objection, he is not entitled to a new trial because of the absence of evidence to rebut the defense of which he had notice by a special plea.

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the Hon. S. H. SPROTT.

This was an action of assumpsit brought by C. C. Baker against W. P. Boon on a promissory note. There was judgment for defendant and plaintiff appeals.

The special pleas filed by the defendant and the replications thereto, as well as the demurrers, are sufficiently stated in the opinion.

On the trial of the case, as is shown by the bill of exceptions, after the introduction of the note made by W. P. Boon to one J. Rich, and which had been assigned by J. Rich to the plaintiff, the plaintiff rested his cause. Thereupon the defendant, as a witness in his own behalf, testified that upon Jake Rich asking him to give him the note in settlement of the defendant's account with the said Rich,

the defendant demanded a settlement in full; that the said Rich stated that he did not have his books, and that he told the defendant to give him the note, and that they could have a statement afterwards; the defendant testified that "I gave him (Rich) the note with the understanding that I should pay whatever amount was due him after we had settlement and no more. I owed him some amount, but I did't know what amount." The plaintiff moved to exclude the testimony of the defendant as to the understanding between him and said Rich at the time of the execution of the said note, and duly excepted to the court's overruling his motion. The defendant's testimony further tended to show that he had since the execution of said note tried repeatedly to get a settlement of his account with the said Rich, but had never been able to do so; and that since the making of said note he had ascertained that he owed said Rich only about $15 or $20. The defendant then introduced in evidence, against the objections and separate exceptions of the plaintiff, several statements of accounts which had been presented to him by said Rich, and also introduced receipts given him by said Rich in payment of these several accounts, showing a balance due of only $15 or $20. The defendant, on his cross examination, denied that the plaintiff ever came to see him about the note before he purchased it, and that he told the plaintiff that he had no defense to the note. He further denied that he had ever promised to pay the plaintiff as soon as the present suit was brought, and denied that he had ever admitted the indebtedness due on the note, either to the said Rich or to the plaintiff.

In rebuttal the plaintiff introduced testimony which was in direct conflict with the testimony of the defendant—to the effect that the defendant, on being seen by the plaintiff before he purchased the note from said Rich, admitted the indebtedness, and told the plaintiff that he had no defense to the said note, and would as soon pay him as said Rich; that he had on several different occasions admitted the indebtedness evidenced by the note, and had since this suit was brought promised to pay the same.

Upon the introduction of all the evidence the plaintiff requested the court to give the following charges to the jury, and separately excepted to the court's refusal to give each of them as asked: (1) "The court charges the jury that the defendant, having given the note in evidence payable in money can not now be heard to testify that the said note or a part thereof, was to be discharged by a statement of accounts then pending between the maker and the payer of

[Baker v. Boon.]

the note." (2) "The court charges the jury that the note before them is payable in money, and that they must not consider any evidence, if there be any, tending to show a parol agreement between the defendant and said Rich, that said note was to be discharged in part or in full by crediting the same with an amount to be ascertained on the statement of an account between them, in answer to the complaint."

After judgment was rendered for the defendant, the plaintiff moved the court for a new trial, on the grounds,

First, that the court erred in its charge given to the jury.

Second, because the verdict of the jury was not supported in evidence, and was contrary to the law as given by the court.

Third, because the plaintiff was taken by surprise on the trial of said cause.

Fourth, because the suit was on a promissory note, and that the defendant had never denied the justness and validity of the said note until the day of the trial.

Fifth, that after the trial was taken, the plaintiff was unable to show or prove the consideration of said note.

Sixth, because of the absence of the books of said Rich in which the accounts were kept against the defendant, and that if he was granted a new trial he could and would obtain said books, and by their evidence break down the pleas of want and failure of consideration interposed by the defendant. This last ground of motion for a new trial was supported by the affidavit of the plaintiff. The court overruled the motion, and the plaintiff duly excepted.

WOOD & MAYFIELD, for the appellant.

FOSTER & JONES, for the appellee.

COLEMAN, J.—Appellant Baker sued the defendant upon a promissory note, which resulted in a verdict and judgment for the defendant. The ruling of the court upon questions arising upon two pleas, are presented for consideration. The first plea marked "A." was that of payment. To this plea there was a replication, to the effect, that plaintiff purchased the note upon the statement and representation of the defendant that the note evidenced a just claim, and that there was no defense against it. The plea of payment authorized the introduction of evidence to show the payment of the note at some time subsequent to its execution. Suffice to say there was no evidence introduced of this character, and this plea was not sustained.

The second plea was a special plea, going to the consideration of the note. There was no replication to this plea. The gravamen of this plea, is, that at the time of the execution of the note, there were mutual accounts between the parties, the balance not known, but that there was a balance in some amount due the payee, and the note was executed for an amount to cover the balance and that only such amount as should be found due upon a statement of the accounts was the real consideration of the note and the amount to be paid, and the plea avers that "only a *few dollars* was in fact due." To this plea two grounds of demurrer were assigned. First, that the maker attempted to show by a parol agreement, that a different amount was to be paid, than that specified in the note, at an indefinite time, and after a settlement of their mutual accounts, and second, that the plea attempted to change a written agreement by parol testimony.

The court can consider no cause of demurrer not distinctly stated in the demurrer.—Code, § 2690, and authorities thereunder cited. In *Ramsey v. Young*, 69 Ala. 157, it is said, "that the consideration of contracts in writing is in general open to enquiry, and it is not an infringement of the rule excluding parol evidence to add to, vary or contradict writings, to receive parol evidence of the actual consideration for the purpose of determining its validity, or its failure, or that from any cause it is sufficient or insufficient to support the contract."—*Tisdale v. Maxwell*, 58 Ala. 40; *Holland v. Barnes*, 53 Ala. 83. There is nothing in the plea to show that the payment was to be postponed or that the note could be discharged in any particular manner, and the cases of *Lakeside v. Dromgoole*, 89 Ala. 505; *Doss v. Peterson*, 82 Ala. 253; *Hart v. Clark*, 54 Ala. 490, have no application. The plea purports to show the real consideration for which the note was given. It was not subject to the particular objections directed against it by the demurrer, and it was properly overruled.

These conclusions dispose of all the objections to the introduction of evidence, and also the exceptions to the refusal of the court to charge as requested by the defendant. All these exceptions are based upon the same principles of law, and which do not apply where the plea of failure or want of consideration is made to a suit upon a note, and the evidence is admissible under the plea. The plea was defective for indefiniteness as to the amount admitted to be due, but it was not objected to on this account. Issue was joined upon it, and there was evidence tending to support the plea.—*Mem.*

40

& Char. R. R. Co. v. Graham, 94 Ala. 545; Atlison v. Little, 93 Ala. 150.

The application for a new trial was properly overruled. The record informs us that the parties agreed to go to trial upon the plea. There was no application for a continuance upon the filing of the special plea. The plaintiff was informed by this plea of the defense. He knew then whether he was prepared to meet it. He knew he did not have his books present. A party can not speculate upon the results of a trial and then become surprised at the result. There is no error in the record available to appellant.

Affirmed.