[Smith & Co. v. Barker.]

# Smith & Co. v. Barker.

102  679|
107  498|

*Statutory Claim Suit.*

1. *Claim suit; evidence of sale; burden of proof*—Where, in a claim suit by the consignors of property levied upon under a writ of attachment, on the ground that they had never parted with title, it is shown that the property levied upon was consigned to the defendant in attachment, but at the time of the levy was in the possession of the carrier at the place of consignment, a *prima facie* case of title in the defendant is established, and the burden is thereupon cast upon the claimants to show that they retained the title to the property; but this burden is not met by evidence that the property was sold "to the defendant on commission only."

2. *Stoppage in transitu.*—Insolvency being the chief basis of the right of stoppage *in transitu*, such right does not exist in favor of the consignors because the consignees of the goods absconded before the goods were received, unless it is further shown that said consignees were insolvent.

APPEAL from the City Court of Decatur.

Tried before the Hon. W. H. SIMPSON.

On January 2, 1891, Joe Barker made affidavit, and had an attachment issued out of a justice of the peace court against the Decatur Grocery Company. This writ of attachment was levied on several boxes of oranges, on January 2, 1891. Upon the return of the writ, it being shown to the justice of the peace before whom the attachment was sued out that the property levied on was perishable, it was ordered by said justice of the peace, that the same be sold, and the proceeds delivered to the court. After the sale of the property so levied upon as directed by the court, H. S. Smith & Co., on January 22, 1891, made an affidavit of claim to the property so levied upon. Thereupon an issue was made to try the right to the property so levied upon. The plaintiff moved the court to dismiss this claim interposed by H. S. Smith & Co., on the ground that the property claimed, as shown by the record and proceedings returned, was sold by order of the court before the claim was interposed, and the proceeds of sale turned over to the court; and because there was no claim interposed to the property as required by law.

The evidence for the plaintiff tended to show that the oranges levied upon arrived in Decatur on the night of January 1, being brought as freight by the Louisville & Nashville Railroad Company, and were in one of the cars of said railroad company, at the depot in Decatur, at the time of the levy; that the persons composing the Decatur Grocery Company had absconded on or about December 25, 1890, and that their place of business at and before the time of the levy of the attachment was closed.

The testimony for the claimant tended to show that they were the original owners of the oranges levied upon in this suit; that they sold the oranges "to the defendants on commission only;" that they resided in Anthony, Florida, and they had shipped said oranges to the Decatur Grocery Company; that said oranges had never been delivered to the Decatur Grocery Company, to whom they had been consigned, the persons composing said company having absconded before the arrival of the oranges in Decatur.

The court sustained the plaintiff's motion to dismiss the claim, and rendered judgment condemning the property levied upon to the satisfaction of the plaintiff's attachment. The claimants now bring this appeal, and assign these rulings of the lower court as error.

O. KYLE, for appellant.—The evidence of the claimants that the goods were shipped to the defendants in attachment upon consignment and sold to them on commission only, was sufficient to show the reservation of title in the claimants.—*Dittmar v. Norman*, 118 Mass. 324; *Gillespie v. Winberg*, 4 Daly's Rep. (N. Y. C. P.) 320; 3 Keys, (N. Y.) 17; 4 Abbott's Prac. (N. Y.) 76; 8 Wheel. Am. C. L. 155; 3 Amer. & Eng. Encyc. of Law, 668, note 1.

H. S. Smith & Co., the consignors, had the right to stop these goods in transit.—60 Amer. Rep. 49 and authorities; *Sawyer v. Joslin*, 49 Amer. Dec. 768; *Loeb v. Peters*, 35 Amer. Rep. 17; *Ib*. 63 Ala. 243; *Kingman v. Denison*, 22 Amer. St. Rep 711. And the right of stoppage *in transitu* is not lost, even though the goods have been attached or levied on at the suit of other parties.—*Calahan v. Babcock*, 8 Amer. Rep. 63; *Blum v. Marks*, 99 Am. Dec. 725; *Rucker v. Donavan*, 19 Amer. Rep.

84, and note; *Hause v. Judson*, 29 Amer. Dec.
377; *Naylor v. Dennie*, 19 Amer. Dec. 319; *Buckley
v. Furniss*, 15 Wend. 137. It has been held that
where property has been attached, and then sold by
order of court, the proceeds of the property could be
claimed.—*O'Brien v. Norris*, 77 Amer. Dec. 284; 16 Md.
122; *Hall v. Richardson*, 77 Amer. Dec. 303; *Hepp v. Glo-
ver*, 35 Amer. Dec. 206.

WIRT & SPEAKE, *contra*.

HEAD, J.—We are unable to see that the claimants
have any just claim to the oranges levied on in this case.
The bill of exceptions show that they shipped the oranges,
from Anthony, Fla., to the Decatur Grocery Company,
in Decatur, Ala., by rail, to whom they had sold them
"on commission only." The goods were levied upon un-
der attachment against the Grocery Company, in favor
of plaintiff, while they were in possession of the carrier,
in Decatur, consigned to the Grocery Company. This
made out a *prima facie* case of title in the Grocery Com-
pany, which it devolved on the claimants to overcome.
They claim on two grounds: 1. That they never parted
with the title. 2. The right of stoppage *in transitu*.

First. If claimants retained the title to the goods it
devolves upon them to show it with that degree of cer-
tainty which satisfies the mind. That they *sold* the
goods to defendants "*on commission only*," is of such
doubtful and uncertain import that we can not say what
it means. If the goods were merely shipped by claim-
ants to the Grocery Co. to be by the latter sold for
the former's use, on commission, it could have been eas-
ily shown. We must take it that there was a sale of
the goods passing the title.

Second. The only fact on which the right of stoppage
*in transitu* is claimed is, that "the individuals compos-
ing the firm of the Decatur Grocery Company had, on
or about the 25th day of December, 1890, absconded."
The levy was made January 1, 1891. There is no proof
of their insolvency. For aught that appears they may
have left abundant property to pay all their debts. In-
solvency is the chief basis of the right of stoppage *in
transitu*.—*Loeb v. Peters*, 63 Ala. 243. The finding and
judgment in favor of the plaintiff were right.

44

[Smith & Co. v. Barker.]

We must not be understood as deciding that a statutory claim suit, like the present, can be instituted and maintained, after the goods levied on have been sold, as perishable, under order of the court. Decision of that question, being unnecessary in this case, is pretermitted. We intimate no opinion upon it.

Affirmed.