[The Bayonne Knife Co. v. Umbenhauer.]

# The Bayonne Knife Co. v. Umben-hauer.

## *Attachment and Claim Suit.*

1. *Trial of cause by the court without a jury.*—When the court, without a jury, determines the issue, the rule is, that if there are no errors in the exclusion of evidence, and the legal evidence received authorized the conclusion, although there may have been illegal evidence admitted, the conclusion reached will on appeal be sustained.

2. *Right of stoppage in transitu.*—The right of stoppage *in transitu* depends upon the insolvency of the vendee, either at the time of the sale of the property or subsequently and before possession, either actual or contructive, by the vendee.

*Same; mere fact that the property is attached does not defeat the right.* Where a vendor, as soon as he hears of the closing of his vendee's store by levies of attachment endeavors to exercise his right of stoppage *in transitu*, the mere attachment of the goods before delivery to the vendee will not defeat such right.

4. *Same; evidence that vendee owns property in another state is admissible to show solvency.*—Where a vendor who has on closing of his vendee's store by attachment endeavored to exercise his right of stoppage *in transitu* as to certain of the goods attached, intervenes as claimant in the attachment suit, evidence that the vendee had a large amount of property in another state is admissible to prove the solvency of the vendee when the vendor attempted to exercise the right of stoppage.

5. *New trial on ground of surprise.*—A vendor who has intervened in attachment, claiming the attached property under a right of stoppage *in transitu*, on being surprised at the trial by evidence of the vendee that he was solvent when the right was exercised must then apply to the court to enter a mistrial or for a continuance, otherwise he waives his right to a new trial on the ground of such surprise.

6. *Same; on ground of newly-discovered evidence.*—A new trial on the ground of newly-discovered evidence is properly refused when the evidence could have been obtained at the time of trial by reasonable diligence.

7. *Affidavit made before notary out of the state.*—An affidavit without a notarial seal is not self-proving, when made out of the state before a notary public.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES J. BANKS.

[The Bayonne Knife Co. v. Umbenhauer.]

The appeal in this case is prosecuted by the appellant, who was claimant in a statutory trial of the right of property, in which the appellee was plaintiff, from a judgment by the trial court in favor of the plaintiff. The facts of the case are sufficiently stated in the opinion.

V. L. THOMPSON, for the appellant.

BOWMAN & HARSH, for the appellee.

COLEMAN, J.—The appellee, Umbenhauer, sued out an attachment which was levied upon certain goods as the property of S. Kaufman, the defendant in the attachment suit. The Bayonne Knife Company interposed a claim to the property, and an issue was made up under the direction of the court for the trial of the right of property. The court tried the case without the intervention of a jury and found the issue for the plaintiff. When the court, without a jury, determines the issue, the rule is, that if there are no errors in the exclusion of evidence, and the legal evidence received authorized the conclusion, although there may have been illegal evidence admitted, the conclusion reached must be sustained. The goods in question were shipped by claimant to S. Kaufman at Birmingham, Ala., where he had been engaged in the mercantile business. At the time the goods reached Birmingham, the store of Kaufman had been closed by the sheriff, by virtue of sundry attachments issued against him. The goods in question were levied upon by plaintiff while they were in the depot of the railroad, in Birmingham, and which, after the freight charges were paid by plaintiff, were delivered to the officers making the levy by the carrier, without objection. The goods were shipped to Kaufman in the month of October, under an order given for them in March previous. There is evidence tending to show that as soon as claimant learned that the store of Kaufman had been closed by attachments, it directed the carrier to return the goods, but when this direction was given, whether before or after they had been levied upon by plaintiff's attachment is not shown, nor has any fact been proven which tended to show when the order to return the goods was given to the carrier. The right of stoppage *in transitu* depends upon the insolvency of the

vendee, either at the time of the sale of the property or subsequently and before possession, either actual or constructive, by the vendee.—*Smith v. Barker,* 102 Ala. 679 ; *Loeb v, Peters,* 63 Ala. 243 ; Benjamin on Sales, (6 Amer. Ed.) § 1229. This principle of law seems to be almost universally recognized. In fact we know of no authority which holds that stoppage *in transitu* may be asserted against a solvent debtor. The claimant objected to evidence which if believed established that Kaufman possessed valuable property in Georgia largely in excess of of all his liabilities. The evidence tended to show that the business in Birmingham was conducted by an agent, and that Kaufman himself had not been in Birmingham for some time previous to the levy of the attachment nor since until this trial, and that he had two stores in Georgia. There is no evidence to show that credit was extended to the vendee on the faith of the business conducted at Birmingham, except the single fact of the shipment of the goods to that place. The claimants and vendors are non-residents of the State of Alabama, and it is fairly presumable that the goods were shipped on the personal credit of the purchaser, as much so, as on the faith of the business conducted in Birmingham. The court did not err in receiving evidence of the value and ownership of property in Georgia to establish his solvency. We are of opinion that the mere levy of the attachment under the facts did not defeat the right of stoppage.—*Loeb v. Peters,* 63 Ala. 243 ; *Harris v. Tenney,* 85 Texas, 224 ; s. c. 34 Amer. St. Rep. 796 and notes ; Benjamin on Sales, (6 Amer. Ed.) § 1067. The failure to establish the insolvency of the vendee was fatal to the claim of the claimant, and the court did not err in rendering judgment for the plaintiff.

After judgment by the trial court, the claimant entered a motion for a new trial, upon the ground that he was taken by surprise by the testimony of Kaufman as to his solvency ; and newly discovered evidence, to the effect that Kaufman was in fact insolvent at the time of the levy of the attachment, and when the claim to the property was interposed. The insolvency of the vendee, being indispensable to the exercise of the right of stoppage *in transitu,* the vendor intending to rely upon it must be prepared to establish this fact The attorney for claimant makes affidavit that he was de-

[Garrison v. Webb *et al.*]

ceived and misled by Kaufman himself, by statements made by him before he was examined, as to his pecuniary condition. Leaving out of consideration the denial by Kaufman of this statement, it was the duty of claimant during the trial when the surprise occurred, to have made it known to the court, and that he had been deceived and mislead by his witness, and moved for a mistrial or continuance of the cause. A party cannot speculate on the chances of getting a favorable verdict, and after losing, urge as a ground for a new trial, a matter which existed during the trial, and known to movant, and which was waived.—*Hoskins v. Hight*, 95 Ala. 284; *Baker v. Boon*, 100 Ala. 622.

As to newly discovered evidence, we are of opinion from the affidavit of Kaufman which is not controverted, that an application to the Commercial Agency would have put plaintiff's attorney in possession of the facts of Kaufman's business in Georgia. The claimant itself offers no evidence to show that it was ignorant of his business in that State. All legal objections were taken to the introduction of the affidavit of an attorney residing in Georgia. The jurat is certified to by one who attaches to his name, the letters N. P. A certificate of this character is not self-proving, A notarial seal, conforming to the requirements of the statute, is indispensable.—*Ala. State Bank v. Chatt. Door & Sash Co.*, (18 So. Rep. 74) The judge did not err in overruling the motion for a new trial upon the evidence before him.

Affirmed.