## CLEVELAND BIGELOW, Trustee in Bankruptcy, Plff.,
### *v.*
## PORTO RICO PLANTERS COMPANY, Dft.

———————

San Juan, Law, No. 1050.

### VERIFICATION OF PLEADINGS.

Notary—Affidavit.

    1. A notary is perhaps the only officer whose power has lasted from ancient times to the present. His original employment was drawing documents, but notaries in England have always administered oaths.

Federal Courts—State Notaries.

    2. Notaries of the several states are authorized to take depositions, affidavits, and the like, the same as commissioners of the Federal courts.

United States Commissioners—Powers.

    3. United States commissioners as to Federal offenses have the same authority as justices of the peace, and are given power to take affidavits, including verification of pleadings.

Notary—Judicial Knowledge.

    4. A court of the same jurisdiction may take judicial knowledge of the signature of notaries, but the signature must be verified by the official notarial seal before recognition in courts of another jurisdiction.

Bigelow v. Porto Rico Planters Co.

Notary Public—Certificate of State Official.

    5. The certificate of a state court or official as to the powers of a notary public is unnecessary. An oath before a notary is prima facie authenticated by the signature and seal.

Verification—Knowledge, Information.

    6. The practice in this court both before and since the Porto Rico Code of Civil Procedure requires that the party's affidavit verifying pleading must state that the facts are true of affiant's knowledge, except as to what is upon information and belief, and as to these that he believes them to be true.

Opinion filed December 22, 1914.

*Mr. Francis E. Neagle* for plaintiff.

*Mr. D. P. Kelly* for defendant.

HAMILTON, Judge, delivered the following opinion:

The motion in this case was overruled so far as relates to making the complaint more definite and certain, and the defendant was put to his demurrer. So far as relates to verification of the complaint, however, the matter was taken under advisement.

The first ground of the demurrer is that the verification was taken by an alleged notary public, but that his signature is not authenticated, or his authority shown. This brings up the question of the powers of a notary public to verify pleadings in the Federal courts.

1. A notary is an officer long known to the law. He may perhaps be said to be the only officer whose power has lasted from ancient times down to the present. He was well known

to the Romans and has an international recognition all over the modern world.

His power to administer an oath or take an affidavit is not so clear. His original employment was the drawing up of legal documents, and this is still retained in civil-law communities, such as Porto Rico. The notaries of England have always considered themselves authorized to administer oaths, and this has been placed beyond dispute by the act of 5th and 6th William IV. Bouvier's Law Dict. s. v. In the United States this power is generally conferred by statute.

2. Not only do Federal courts fully recognize the acts of state officials within their powers, but they often make use of state officials in carrying out Federal powers. Thus, by an act of September 16, 1850, notaries were authorized to administer oaths and take acknowledgments in all cases where, under the laws of the United States, justices of the peace were formerly authorized to act, and, possibly in order to remove any question as to the powers of justices, by an act of July 29, 1854 (10 Stat. at L. 315, chap. 159, Comp. Stat. 1913, § 3259), notaries public were given direct authority to administer oaths for use in the circuit courts of the United States. The revision of the statutes omitted this provision, however, and § 1778 restored in effect the act of 1850. The defect was remedied by act of August 15, 1876 (19 Stat. at L. 206, chap. 304, Comp. Stat. 1913, § 1475), providing that notaries public of the several states were authorized to take depositions, acknowledgments, affidavits, and the like in the same manner and in the same effect as commissioners of the United States circuit courts.

3. The United States commissioners, originating with the act of 1793, are appointed by each circuit court, but their pow-

ers are not always expressly defined. As to offenses against the United States, they have the same authority as a justice of the peace in state cases. Rev. Stat. §§ 727, 1010, Comp. Stat. 1913, § 1671; United States v. Curtis, 107 U. S. 671, 27 L. ed. 534, 2 Sup. Ct. Rep. 501. And they are expressly given power to take affidavits required in any civil cause in a circuit or district court. Rev. Stat. § 945, Comp. Stat. 1913, § 1571. An affidavit includes the verification of the pleading.

4. It follows, therefore, that a notary public has the power to verify a pleading in a United States court, and it is settled law that, while a court of the same jurisdiction may take judicial knowledge of the signature of notaries, among other officials, the signature must be verified by the official notarial seal before it will be recognized by courts of another jurisdiction. For such purposes, Federal courts are regarded as quasi foreign courts to the states where the notaries are appointed. Donegan v. Wood, 49 Ala. 242, 20 Am. Rep. 275; Bayonne Knife Co. v. Umbenhauer, 107 Ala. 496, 54 Am. St. Rep. 114, 18 So. 175.

5. It is not unusual to have the authority of a notary further attested by the certificate of a state court or official as to his power. The question is now raised whether this is necessary. The same point came up in the United States district court for the eastern district of Pennsylvania in Re Pancoast, and it was there decided that a notary is authorized to administer an oath to a proof of claim, as being an official authorized to administer oaths in proceedings in the Federal courts under the act of 1876, and that such oath is prima facie authenticated by his signature and seal, although made in a different state from that in which the proceedings are pending, and without regard

to the special requirements of the statutes of either state as to showing his term of office and the like. Re Pancoast, 129 Fed. 643. This opinion seems to be supported by the weight of authority, and offers a convenient rule of proceeding. It does not make a seal conclusive. It may be shown to be false, but, as Chief Justice Tilghman once remarked: "It will be presumed till the contrary be proved that no one would dare assume the office without proper authority." Browne v. Philadelphia Bank, 6 Serg. & R. 484, 9 Am. Dec. 463. Whatever the origin, the power of a notary to administer oaths has now become so fixed in jurisprudence that statutes on the subject might be said to be declaratory rather than essential, and there are cases in which even the absence of a seal has not been deemed a fatal defect. Re Donnelly, 5 Fed. 783. See also Buerk v. Imhaeuser, Fed. Cas. No. 2,107a.

The motion, therefore, is overruled so far as relates to authentication of the notary's seal.

6. The motion, however, raises also the point that certain parts of the complaint which are within the plaintiff's knowledge should be so verified, and not as on information and belief. Where an affidavit was required at common law, it must have been, as in the case of a witness, by one who knew the facts, and it was mainly in equity that the distinction grew up of allowing pleadings to be verified in part on information and belief. Even there, however, the distinction between knowledge and belief was distinctly preserved. The verification in this case is based upon the Porto Rican Code of Civil Procedure, § 118, which reads as follows: "Every pleading must be subscribed by the party or his attorney; and when the complaint is verified, or when the People of Porto Rico or any officer

Bigelow v. Porto Rico Planters Co.

of the Island, in his official capacity, is plaintiff, the answer must be verified unless an admission of the truth of the complaint might subject the party to a criminal prosecution, or unless an officer of said Island, in his official capacity, is defendant. In all cases of a verification of a pleading, the affidavit of the party must state that the same is true of his own knowledge, except as to the matters which are therein stated to be on his information and belief, and as to those matters, that he believes it to be true; and where a pleading is verified, it must be by the affidavit of a party, unless the parties are absent from the district where the attorney resides, or from some cause are unable to verify it, or the facts are within the knowledge of his attorney, or other person verifying the same. When the pleading is verified by the attorney, or any other person except one of the parties, he must set forth in the affidavit the reason why it is not made by one of the parties. When a corporation is a party, the verification may be made by any officer thereof."

This clearly preserves the distinction between statements made on knowledge and those made on information and belief, and this rule is recognized in the local practice. Rivera v. Cámara, 17 P. R. R. 507; Prada v. Rossy, 20 P. R. R. 181. Any other course would be to nullify the section above referred to, and reduce it to a mere form. The same principle was announced by Judge Holt in this court in Miller v. Royal Ins. Co. 1 Porto Rico Fed. Rep. 320, 321. It is true that this decision was made before the adoption of the Code of Civil Procedure in 1904; but § 118 of that Code is based upon the same principle.

The motion is therefore sustained in so far as it relates to

Bigelow v. Porto Rico Planters Co.

requiring the plaintiff to state upon knowledge what is within his knowledge, and upon information and belief what he knows in that manner.

And it is so ordered.