(96 South. 241)

### KNOX v. RIVERS BROS.   (1 Div. 275.)

(Supreme Court of Alabama.   April 26, 1923.)

**1. Evidence ⬳420(7)—Evidence of condition as to transfer of bill of exchange held not to vary or contradict written contract.**

A plea that bill of exchange sued on was given on express agreement that it was to be accepted as payment for turpentine cups, and was to be presented to drawees, payee to accept credit on his own indebtedness to drawee as payment, but that it was transferred to a third party as a credit on an account which payee owed the third party, was not objectionable as seeking to vary or contradict the terms of a written contract by evidence of a contemporaneous agreement.

**2. Sales ⬳354(1)—Plea held to show breach of plaintiff's obligation as to transfer of bill of exchange sued on.**

In action on a bill of exchange by payee against drawers, a plea, alleging that the bill of exchange was given upon agreement that it was to be accepted as payment for certain goods upon the express condition that it was to be presented to drawee to be credited upon plaintiff's indebtedness to drawee, and that plaintiff transferred it to a third party instead of conforming to the condition, *held* to sufficiently show a breach of the condition, since by such transfer plaintiff parted with ownership, thereby placing it beyond his power to fulfill his obligation.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by L. J. Knox against Rivers Bros., a partnership, and the individual members thereof. From a judgment for defendants, plaintiff appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

The complaint declared on an account, for goods sold, and on count 3, as follows:

"Plaintiff claims of the defendant $800 due on a bill of exchange drawn by the defendant on, to wit, the 2d day of February, 1918, for the payment of $800 to the plaintiff, which said bill of exchange is in substance as follows: 'No. ———.   Taylor, Lowenstein & Co., Naval Stores Factors & Exporters.   O. K. by ———. No protest.   Second 2 and 2, 1918.   Pay to the order of L. J. Knox $800.00, eight hundred dollars, for Rivers Bros., value received, and charge to account of ———.   To Taylor, Lowenstein & Co., Mobile, Alabama.'

"Plaintiff alleges that the said bill of exchange was duly presented to the said Taylor, Lowenstein & Co., and the payment thereof refused.   That the said bill is still due and unpaid.

"Wherefore, plaintiff claims of the defendant the sum of $800 with interest thereon from February 2, 1918."

Defendants' amended pleas 3 and 4 are as follows:

"3. For further plea, the defendants say that they are not indebted to the plaintiff in any sum whatsoever, for that the bill of exchange, as set out in said count, was given upon the expressed agreement that same was to be accepted as payment for certain turpentine cups, upon the express condition that same was to be presented to Taylor, Lowenstein & Co., it being expressly agreed and understood by the parties hereto that unless said order was accepted upon said condition that the defendants would not be able to purchase said cups and would not purchase same; that the defendants did execute said order, upon said condition, and deliver same to the plaintiff upon said condition, and believing that the said plaintiff would carry out the said condition; that instead of said plaintiff carrying out the condition upon which said order or bill of exchange was issued, that he transferred same to T. G. Bush Grocery Company, and that said Grocery Company filed suit in this court upon said claim against the defendants; and that immediately after learning that plaintiff had breached his agreement as to said bill of exchange, the defendants notified him that the cups were where they were when the transaction was had, and that he could take them back, as the condition of the sale had been breached by him; that the plaintiff failed and refused to take back the cups, and that said cups were left at the place where they were when said order was executed, subject to the removal and order of this plaintiff; wherefore, the defendants say that they are not indebted to the plaintiff upon the said bill of exchange.

"(4) For further plea to the said third count the defendants say that they are not indebted to the plaintiff in any sum whatsoever upon the said bill of exchange, for that it was executed and delivered to the plaintiff upon the express condition and understanding that the plaintiff would present same to Taylor, Lowenstein & Co., upon whom it was drawn, and allow the said Taylor, Lowenstein & Co. to credit plaintiff's account with said amount as evidenced by said bill of exchange, the plaintiff being then and there informed and advised that unless this condition was accepted that the defendants could not and would not purchase said cups; the defendants further aver that the plaintiff accepted said bill of exchange upon said condition and agreed that he would conform to said condition, but instead of so conforming to the said condition, the plaintiff transferred the said bill of exchange to the T. G. Bush Grocery Company as a credit upon an account which he owed said grocery company; that the said grocery company filed suit against these defendants upon said bill of exchange; and defendants further allege that upon learning that the plaintiff had breached his said agreement as to said bill of exchange, that they notified him that they would not carry out the contract, that the turpentine cups which they had intended to purchase with the said bill of exchange were at the same place as they were when the said bill of exchange was executed and were there subject to the removal or disposition of the said plaintiff; wherefore defendants say that the plaintiff breached the agreement upon which said bill of exchange was made, did not present same to Taylor, Lowenstein & Co. prior to the time it was transferred to T. G. Bush Grocery Company, did not offer to allow Taylor, Lowenstein & Co. to credit plaintiff's account therewith, and that the defendants

rescinded said sale upon the breach of said agreement and are therefore not liable to the plaintiff in any sum on the said bill of exchange."

Plaintiff's motion to strike, and demurrers to these pleas, were overruled. There was judgment for defendants, and plaintiff appeals, assigning as error the mentioned rulings as to pleas 3 and 4.

Stevens, McCorvey, McLeod & Goode, of Mobile, for appellant.

The writing sued on is a negotiable bill of exchange. Acts 1909, pp. 146, 136. The drawer's liability on the instrument cannot be negatived or limited, except by express stipulation inserted in the instrument. 8 C. J. 910; First Nat. Soc. v. Farguhar, 75 Wash. 667, 135 Pac. 619; Scott v. Wood, 14 Colo. App. 341, 59 Pac. 844; Bohn Mfg. Co. v. Reif, 116 Wis. 471, 93 N. W. 466; Jefferson County Bank v. Compton, 192 Ala. 16, 68 South. 261; Int. Finance Co. v. N. W. Drug Co. (D. C.) 282 Fed. 920. Where defendant in an action on a negotiable instrument pleads the plaintiff's breach of a contemporaneous agreement, a binding agreement must be distinctly alleged and breach positively shown. Neighbors v. Lauderdale, 206 Ala. 595, 91 South. 478; Carmelich v. Mims, 88 Ala. 335, 6 South. 913; Bunzel v. Maas, 116 Ala. 68, 22 South. 568.

Gordon & Edington, of Mobile, for appellee.

As between the immediate parties, it is always competent to show the real consideration for a promissory note, and, by parol, the terms upon which it is payable. Jefferson County Bank v. Compton, 192 Ala. 18, 68 South. 261; Hall v. Montgomery, 208 Ala. 383, 94 South. 363; Ex parte Goldberg & Lewis, 191 Ala. 368, 67 South. 839, L. R. A. 1915F, 1157; Code 1907, § 4973.

SOMERVILLE, J. "When there is a promissory note, or other written obligation to pay money, and contemporaneously there is an oral agreement that the obligation is to be discharged by the doing of something other than the payment of money, so long as the contemporaneous, oral agreement remains executory, it is wholly inoperative, and no defense whatever to a suit on the obligation." Patrick v. Petty, 83 Ala. 420, 3 South. 779; Tuskaloosa C.-S. Oil Co. v. Perry, 85 Ala. 158, 167, 4 South. 635; Lakeside Co. v. Dromgoole, 89 Ala. 505, 509, 7 South. 444. See, also, Beard v. White, 1 Ala. 436; Clark v. Hart, 49 Ala. 86.

Those decisions are, of course, based on the familiar rule which forbids the proof of prior or contemporaneous parol agreements to alter, contradict, or add to the terms of written agreements which are on their faces complete in themselves.

But, "there is a marked difference between parol evidence which goes to vary, contradict or add to written agreements which intelligibly speak the intention of the parties, and which they have adopted as furnishing evidence and full expression of their intention, or which changes the legal effect of such agreements, and parol proof which shows that the instrument is altogether void, or that it never had any binding efficacy, or the want of consideration, either in whole or in part. While the first is inadmissible, the latter is constantly received. 1 Greenl. E. § 284." Corbin v. Sistrunk, 19 Ala. 203, 205. And in Jefferson County Sav. Bk. v. Compton, 192 Ala. 16, 18, 68 South. 261, 262, the general rule is stated that—

"Where the terms of a written contract are not thereby varied or contradicted, it is always competent, as between the immediate parties, to show the real consideration for a promissory note, and to show by parol' evidence the terms * * * upon which it is payable, or by which payment may be avoided."

In 8 Corp. Jur. 737, § 1015, the rule is thus stated:

"If a note, or the delivery thereof, is conditional, no recovery can be had thereon unless the condition has been fulfilled, or unless performance of the condition has been waived, in an action by the payee or one not a holder in due course. So, as between the parties to a bill or note, * * * collateral agreements between them may be set up as a defense, provided there is a consideration therefor, subject to the exception that a written instrument cannot be contradicted by parol, and subject to the rules already considered as to the validity and effect of such agreements."

In Corbin v. Sistrunk, 19 Ala. 203, the action was on a note given for personal services to be rendered to the maker by the payee, but his employment was conditioned upon his procuring a recommendation from a designated person. Said the court:

"In the case before us, the defendant gave her note, thus executing the contract upon her part, and the writing evidences the terms of the contract, so far as to be performed by her, but the contract on the part of the plaintiff was altogether executory. He was to produce the recommendation of his former employer, * * * and serve as overseer for the year 1850. This constituted the consideration for the note sued on, and if he failed to perform his part of the contract, the plaintiff could not require a performance on the part of the defendant. The undertaking to obtain the recommendation from * * * was a condition agreed upon as precedent to his entering upon the service. It formed the first * * * consideration, without which * * * the whole consideration failed, and the contract became inoperative."

The rule is stated and applied in Hart v. Life Ass'n, 54 Ala. 495, 498; Baker v. Boon, 100 Ala. 622, 13 South. 481; Haas v. Com. Trust Co., 194 Ala. 672, 69 South. 894.

[1] Tested by the foregoing principles, pleas

3 and 4 were not subject to the objection that they seek to vary or contradict the terms of a written contract by evidence of a parol contemporaneous agreement.

[2] The demurrer makes the objection also that the pleas do not show a breach of plaintiff's alleged obligation, except as a conclusion only; and, specifically, that plaintiff's alleged negotiation of the bill of exchange was no violation of his alleged agreement to present it to the drawee and accept payment as a credit on his own indebtedness to the drawee.

We think, however, that the allegation that plaintiff transferred the bill of exchange to a third party, instead of conforming to the condition stated, sufficiently shows a breach of the condition, since such a transfer shows that he had parted with the ownership of the bill, and thereby, prima facie at least, placed it beyond his power to fulfill his obligation in the premises.

That obligation on the part of plaintiff was an essential part of the consideration for defendant's purchase of the turpentine cups, and its breach justified defendant's rescission of his contract of purchase.

Whether or not the pleas sufficiently show a return of the articles purchased is not raised by any special ground of demurrer, and need not be considered.

The other grounds of demurrer were either general in form, or obviously without merit.

We find no error in the record, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.